[Civ. No. 11636.   First Dist., Div. One.—June 23, 1941.]

Estate of ARTHUR BERNARD BRAUE, Deceased.   MARGARET MARIE BRAUE et al., Appellants, v. ISABEL MORRISON BRAUE, as Executrix, etc., et al., Respondents.

J. Oscar Goldstein and Burton J. Goldstein for Appellants.

Rea, Free & Jacka for Respondents.

PETERS, P. J.—Contestants appeal from an order admitting a witnessed will to probate over their objection that it had not been properly executed as required by section 50 of the Probate Code. The other grounds of contest were dismissed at the trial.

Proponent is the wife of decedent, whom he married on February 20, 1936. The questioned document is dated April 8, 1936. Contestants are the sister of decedent, and one of his two daughters by a previous marriage. By the will he left his sister and each of the daughters $1, leaving the balance of the estate to his wife. The petition for probate alleged that the value of decedent's property did not exceed $3,000.

As shown by the evidence, the will was signed by the testator, and by three witnesses, Harry E. Pahl, C. J. Tracy and Irving L. Pahl. Opposite the signatures of the three witnesses on the typed will, is typed a complete attestation clause. The proponent, the wife of the deceased, testified that she typed the will at the deceased's request on the Sunday before it was executed, in Chico; that she used as a form a copy of an earlier will of her husband by which the bulk of his estate was left to the contesting sister; that on the date the will was executed her husband brought it home fully executed and gave it to her; that at the time she typed the will she also typed the attestation clause opposite the lines placed on the document for the signatures of the testator and of the attesting witnesses; that the attesting witness Irving L. Pahl, some time after the will was executed, told her, in a "kidding" way, that he had witnessed her husband's will.

The testimony of the three attesting witnesses was taken by deposition. Harry E. Pahl testified that he was an

automobile dealer in Chico; that at the time the will was executed decedent kept the accounts for the company; that the decedent remained with the witness' firm for six months to a year after the deceased married proponent; that after the marriage, the decedent began to drink to excess, and that this habit grew steadily worse. He identified the signature on the will as his. He could not positively state the circumstances under which he signed the document, but he did recollect that on or about the date the will was executed, the decedent brought him a paper which he now believes was the will in question so folded that only the words, "In Witness Whereof, I have hereunto set my hand and seal this 8th day of April, 1936", followed by the deceased's signature, appeared; that the decedent asked him to sign the document as a witness; that the witness protested against signing a document without knowing what it was; that the decedent assured the witness that the document was personal to the decedent and would not affect the witness in any way; that he was positive that there was no attestation clause on the document when he signed it; that the decedent did not inform him that the instrument was his will; that he signed the document in the presence of the testator, but that neither of the other two witnesses was present at the time.

The testimony of C. J. Tracy, who admittedly signed the document immediately below the signature of Harry E. Pahl, was substantially similar to that of the latter, except that the latter's signature was on the document as well as the signature of the testator, when he, the witness, affixed his signature. He was positive that there was no attestation clause on the document that he signed, and that the testator did not sign the document or declare it to be his will in the witness' presence, and that when the witness signed the document he and the testator were alone.

The third witness, Irving L. Pahl, admitted that the signature on the will was his, but testified that he had no recollection at all of signing the document, or of the circumstances under which it was signed. He stated that he signed many papers at the request of decedent, but did not remember this particular paper. No one ever told him that he was signing as a witness to decedent's will. He was quite positive that he had never signed any document when both or either of the other two witnesses were present. It was stipulated that if he were called as a witness he would deny the conversation

testified to by the proponent to the effect that he had told her in a "kidding" way that he had witnessed her husband's will.

On this testimony, the trial court found that the will was duly and properly executed, and admitted it to probate. Appellants urge that the uncontradicted evidence of two of the three subscribing witnesses establishes that the testator did not sign or acknowledge his signature to the document in the presence of two of the subscribing witnesses, nor declare to the witnesses that it was his will, nor did the witnesses sign in the presence of each other. Appellants admit that upon proof of the signatures of the testator and of the subscribing witnesses a rebuttable presumption of due execution arises. This presumption arises whether or not the will contains an attestation clause, but certainly arises where, as in the instant case, such a clause is contained in the will. (*Estate of Pitcairn,* 6 Cal. (2d) 730 [59 Pac. (2d) 90]; *Estate of Kent,* 161 Cal. 142 [118 Pac. 523]; *Estate of Tyler,* 121 Cal. 405 [53 Pac. 928].) Appellants urge, however, that where the attesting witnesses are all before the court and testify to facts that demonstrate that the will was not properly executed, the presumption has no place in the case and will not support a finding of due execution.

This contention is unsound. The trial judge saw and heard the witnesses. He, as the trier of the facts, had the power to pass on their credibility. This court has no such power. Whatever may be the rule in other states, the rule in this state is that a disputable presumption, whether contradicted by other evidence or not, will support a finding. A disputable presumption does not go out of the case when contradicting evidence is introduced, if the trier of the facts does not believe that contradicting evidence. (*Smellie* v. *Southern Pacific Co.,* 212 Cal. 540 [299 Pac. 529].) This rule has been applied to the very presumption involved in this case. In *Estate of Pitcairn, supra,* the two subscribing witnesses, both called by the proponent, testified that the will was not properly executed. There was no evidence to the contrary. There was no complete attestation clause. The trial court admitted the will to probate. In affirming the order admitting the will to probate the Supreme Court stated (p. 732):

"We have, then, a case where the signatures of the testatrix and the subscribing witnesses are genuine; the will is attested, but lacks a formal attestation clause reciting the steps in execution; the attesting witnesses, seemingly adverse but uncontradicted on the essential issues, testify to a technical failure to comply with the formalities of execution. In such a case, may the trial court admit the will to probate? We think it may.

"The rule is well established that a regular and complete attestation clause makes out a *prima facie* case of due execution of the will. The authorities have clearly recognized that where witnesses are dead, unavailable or unable to testify or recollect, or are adverse or corrupt, it is necessary to rely upon other evidence of the sufficiency of the instrument, and accordingly have applied the above-mentioned presumption. [Citing cases.]"

The court then held that the presumption applies whether or not there is an attestation clause, and then stated (p. 733):

"The contestants herein seek to distinguish most of the cases applying the presumption in the absence of an attestation clause on the ground that the witnesses were either not present or unable to recall the facts. They contend that even if the presumption is applicable to those situations, the presence of subscribing witnesses who give adverse testimony destroys the presumption. But in our opinion, if the presumption be recognized, it is seldom material to an appellate court whether the subscribing witnesses were unavailable, unable to remember, or gave affirmative testimony adverse to the will. A presumption is recognized in this state to be independent evidence which may be weighed against positive testimony, and in a proper case the lower court may follow the presumption of due execution from proof of genuineness of the signatures, though the witnesses attack the will. In the present case the presumption, together with other circumstances such as the exposed mistaken testimony of Miss Alcock, justified the finding of the probate court that the will was properly executed."

■ This case is decisive of the present appeal. Appellants urge, however, that the rule only applies where the witnesses are unavailable, have forgotten the facts, or where the witnesses are hostile, guilty of connivance, or are unworthy of belief. Of course, it is a general rule that the trier of the facts is the sole judge of the credibility of the witnesses, and

may generally disregard even uncontradicted evidence (8 A. L. R. 796). Moreover, in this case, there was evidence contradicting two of the subscribing witnesses in a very material respect. Harry E. Pahl and C. J. Tracy testified positively that the attestation clause was not upon the document when it was signed by them; that had it been there they would have seen it; that there was no doubt in their minds that the clause was not on the will when it was signed by them. As already stated, this clause is typed immediately opposite the signatures of these witnesses. Mrs. Braue testified positively that she placed the clause on the document when she typed the will a few days before it was executed. This, of course, created a direct conflict in the evidence which the trial court resolved in favor of respondent. Having found these witnesses false in their testimony on this point, the trial court was justified in looking with suspicion upon the balance of their testimony. The other witness, Irving L. Pahl, testified he could not recollect the circumstances under which he signed the document. His testimony, as well as the testimony of the other two subscribing witnesses, falls directly within the rule, even as limited by appellants.

The order admitting the will to probate is affirmed.

Knight, J., and Ward, J., concurred.