[Civ. No. 2806. Fourth Dist. June 3, 1942.]

ALMA RYAN et al., Respondents, v. SAN DIEGO ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

Morrison, Hohfeld, Foerster, Shuman & Clark, Forrest A. Cobb and V. F. Bennett for Appellant.

Ray L. Chesebro, City Attorney (Los Angeles), Frederick von Schrader, Assistant City Attorney, Bourke Jones, Deputy City Attorney, Jacob Weinberger, City Attorney (San Diego), J. H. McKinney and Morey S. Levenson, Deputies City Attorney, John J. O'Toole, City Attorney (San Francisco), and Henry Heidelberg, Deputy City Attorney, as Amici Curiae in behalf of Appellant.

Hervey & Holt and Henry F. Walker for Respondents.

GRIFFIN, J.—This is an action for damages by respondent Minnie May Ryan, the mother, and respondent Alma Ryan,

the surviving widow of Edward Neal Ryan, tried without a jury, for the wrongful death of their son and husband respectively who, on February 13, 1939, was struck by appellant's streetcar while walking across a street.

No point is raised on this appeal concerning the claimed negligent conduct of appellant nor the amount of damages awarded. Appellant company, by its answer, denied the alleged negligence, and as separate affirmative defenses alleged contributory negligence and contended mainly under this subhead, that the deceased was guilty of contributory negligence as a matter of law in that he attempted to cross the street at other than a crosswalk in violation of a city ordinance which was pleaded and which, if valid and effective, made it a violation of law for a pedestrian to cross a roadway other than at a crosswalk.

It is first contended that the findings of the court failed to dispose of all of the issues raised by appellant's affirmative defenses and that the evidence establishes as a matter of law contributory negligence on the part of the decedent. Under the latter contention appellant asserts (1) that decedent was crossing the street outside of the crosswalk and in so doing was violating a valid city ordinance, and (2) the fact that the decedent was struck by appellant's streetcar, under the circumstances related and on a lighted street, establishes its defense as a matter of law.

The facts show that the decedent lived just north of Fir Street on the east side of Fifth Avenue in San Diego; that on the night of his death he left his home on a business errand. No witness testified that he saw the deceased from the time he left his home until the time he was struck by appellant's streetcar which was proceeding in a northerly direction on Fifth Avenue near Elm Street. It was stipulated that Fifth Avenue at and between the intersections of Elm and Fir Streets was well lighted and that visibility was good.

The evidence discloses that as appellant's streetcar approached Elm Street a woman passenger walked to the front of it and stood there momentarily. The motorman, believing she desired to alight at that corner, slackened the speed of the car just south of Elm Street, but upon being informed by her that she desired to get off at Fir Street he accelerated its speed and continued through the intersection. As the street car crossed Elm Street an automobile was approaching from the north on the southbound rails, and the lights from that car were shining in the motorman's eyes. As he was

watching that car the impact occurred. The testimony as to the position of the street car in the street when the collision occurred was conflicting. The motorman testified that he had passed the north crosswalk several feet when the impact occurred. A witness who was standing in a store on the northeast corner of the intersection testified that he glanced up from his newspaper, looked at the streetcar when its front end was at a point nearly across the intersection; that when the front of the streetcar was somewhere between that point and the north property line of Elm Street extended he glanced back at his newspaper and at that time heard the sound of the impact.

Evidence as to the speed of the streetcar at and immediately preceding the impact also was conflicting. The motorman stated that there was no speedometer on the street car and "it is really hard to say. I would say about 22 miles an hour. It was a moderate rate of speed." One witness estimated it was traveling between 20 and 22 miles per hour, and another that "it was going approximately 40 to 45 miles an hour."

The first witness to see decedent after he left his home was a pedestrian who was walking north on Fifth Avenue. This witness heard the crash and saw decedent's body "coming" or "hurtling through the air" and said that decedent fell to the pavement near the east curb. The distance thereof from the north crosswalk at Elm Street was given by one witness as about 59 feet. The decedent's hat was found against the east curb about 15 feet north of the intersection. The impact dented a sign and metal holder on the front end of the street car about 3 to 4 feet above the pavement level.

The trial court found that the language of the ordinance was as alleged in appellant's answer and "that it is not true that, in crossing Fifth Avenue between the intersections of Elm and Fir Streets . . . in violation of the provisions of . . . this ordinance or at all, Edward Neal Ryan . . . negligently failed or neglected to use ordinary care for his own safety or concern or was guilty of any . . . negligent conduct which was the sole, only, proximate, concurring or contributing cause of any or of . . . all of the damage sustained or received by plaintiffs" but found "that it is true that said" decedent "exercised ordinary care at all of said times for his own safety and concerns and it is true that the sole cause of said collision or the injuries to and death

of said" decedent "and of the damages to plaintiffs occasioned thereby, was the aforesaid negligent conduct of the defendant." The court also found that the ordinance "was at said time in full force and effect except as rendered inoperative, ineffective or invalid by the provisions of division IX of the Vehicle Code of the State of California and particularly section 458 of said Vehicle Code."

The trial court refused to find, as requested by appellant, that decedent was struck while crossing Fifth Avenue between the intersections of Elm and Fir Streets approximately 50 to 60 feet north of the north property line of Elm Street; and that the streetcar was not being negligently operated at a high and excessive rate of speed at the time and place of the accident.

Appellant concedes that if the ordinance is ineffective and invalid "it was then, of course, not necessary to find on the issue of whether the decedent was inside or outside the crosswalk."

Under the authorities the findings above mentioned are sufficient to cover appellant's alleged affirmative defense of contributory negligence. (*Todd* v. *Orcutt,* 42 Cal. App. 687 [183 Pac. 963] ; *Bowers* v. *Union Trust Co.,* 117 Cal. App. 259 [3 P. (2d) 614] ; *Woodhead* v. *Wilkinson,* 181 Cal. 599 [185 Pac. 851, 10 A. L. R. 291] ; *Arrelano* v. *Jorgensen,* 52 Cal. App. 622 [199 Pac. 855] ; *Backus* v. *Sessions,* 17 Cal. (2d) 380, 392 [110 P. (2d) 51].) Although not clearly stated, appellant's secondary defense, i. e., that the deceased violated the city ordinance, was adequately covered by the court's finding above quoted. ■ Appellant in reality complains that the court did not find upon an evidentiary matter, i. e., whether the decedent was crossing the street in a place other than in the crosswalk in violation of the said ordinance and whether the streetcar was traveling at a particular speed. This was unnecessary under the pleadings and the concession above made. (*Carlson* v. *Stanbitz,* 7 Cal. App. (2d) 455, 457 [45 P. (2d) 820] ; *Williams* v. *McDowell,* 32 Cal. App. (2d) 49, 52 [89 P. (2d) 155].)

■ Appellant, as well as several amici curiae, have presented briefs and have cited many cases on the question of the validity of the ordinance and contend that the ordinance above mentioned is valid in that "since section 562 of the Motor Vehicle law does not authorize nor give the right to pedestrians to cross a roadway between intersections and,

therefore, does not conflict with that portion of the ordinance which PROHIBITS crossing the street outside of the cross-walks in the central traffic district and in a business district, the only reasonable deduction to be drawn is that the ordinance is valid.'' We need not discuss this question further. Since this appeal was perfected and since the briefs have been filed our own Supreme Court has disposed of this question in *Pipoly* v. *Benson,* 20 Cal. (2d) 366 [125 P. (2d) 482], decided May 1, 1942 (rehearing denied May 28, 1942). This was an action wherein the widow and the son of a deceased brought an action to recover damages for his wrongful death. The deceased was struck after dark by an automobile operated by the defendant Benson while Pipoly was crossing Central Avenue near the intersection. Defendants denied the material allegations of the complaint and also as an affirmative defense alleged that the death of deceased was caused by his own contributory negligence. The jury found for defendants. The main ground which plaintiffs urged upon their appeal was that the instructions of the trial court respecting deceased's statutory obligations as a pedestrian were so conflicting as to constitute prejudicial error. The jury was instructed that under the Vehicle Code it was the duty of a pedestrian to yield the right of way to all vehicles on the roadway if crossing at any point other than within a marked crosswalk, under section 562(a) of the Vehicle Code. The court, however, also instructed the jury in the language of the Municipal Code of Los Angeles, section 80.38, that ''no pedestrian shall cross a roadway other than by a crosswalk in a central traffic district or in any business district.'' The jury was told that if they found the deceased had violated the ordinance he was presumptively guilty of negligence since it was stipulated the accident occurred within a business district as defined by the ordinance. Plaintiffs argued that the ordinance was unconstitutional and in conflict with the provisions of the Vehicle Code because it prohibited a pedestrian from crossing a roadway outside of a crosswalk while the statute merely imposed upon the pedestrian the obligation to yield the right of way if he crossed outside of the crosswalk. It was therefore argued that the trial court based its instructions to the jury upon the ordinance and also the statute and that the conflicting instructions required a reversal of the judgment. The decisive issue presented by that appeal, therefore, was whether the Los Angeles ordinance regulating the conduct of pedestrians

at or near crosswalks was in conflict with the provisions of the Vehicle Code and was for that reason invalid. It was there held, after citing many cases, that the ordinance involved was unconstitutional since it invaded a field of traffic regulations which the Legislature intended to occupy fully. That section of the city ordinance was held to be unconstitutional. We perceive no legal distinction between the issues there presented and those here involved. As the city ordinance in the instant action was invalid, the decedent cannot be held to have been guilty of contributory negligence as a matter of law in violating it. The decision in the above entitled case absorbs and disposes of the main point here raised.

Any other evidence presented respecting the question whether the decedent was otherwise guilty of contributory negligence was a question of fact for the trial judge. Respondents were entitled to the benefit of the presumption of due care on the part of decedent. (*Wiswell* v. *Shinners,* 47 Cal. App. (2d) 156, 159, 160 [117 P. (2d) 677]; *Ross* v. *San Francisco-Oakland T. Railways Co.,* 47 Cal. App. 753, 760-64 [191 Pac. 703]; *Hoppe* v. *Bradshaw,* 42 Cal. App. (2d) 334 [108 P. (2d) 947]; *Duehren* v. *Stewart,* 39 Cal. App. (2d) 201 [102 P. (2d) 784]; *Umemoto* v. *McDonald,* 6 Cal. (2d) 587, 590 [58 P. (2d) 1274].)

We see no merit to the remaining contentions presented. Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 29, 1942.