[Civ. No. 3536.   Fourth Dist.   Feb. 25, 1947.]

DELLORIS D. PAULSEN et al., Appellants, v. JULYAN W. SPENCER, Respondent.

Claflin & Chain for Appellants.

West & Vizzard for Respondent.

BARNARD, P. J.—This is an action for damages for the death of Ray Lester Paulsen. The jury brought in a verdict in favor of the defendant and the plaintiffs have appealed from the judgment.

The accident occurred at about 1:30 a. m. on November 25, 1945, on Highway 99 at a point about eleven miles south of Gorman. On that night the respondent was driving a 1942 DeSoto automobile north on this highway, traveling in the easterly of the three traffic lanes. When he reached the point in question his engine stopped and he was unable to start it. At this point the highway was upgrade and was straight for something like half a mile. After his engine stalled the respondent allowed his car to coast backward and to the south, along the east lane, to a point where the highway had been cut through a hillock. There is evidence that he backed his car up against the side hill in this cut, and parked it on the easterly shoulder. The shoulder was six feet wide at that point and his car was six feet wide. He testified that the wheels of his car were entirely off the pavement but that the fenders may have overhung the easterly edge of the pavement. He put on his brake, turned off his lights and locked the doors of the car. He then caught a ride in a passing car going north. In the meantime, some four to six cars going north passed without stopping. The respondent was unable to get help at Gorman and Lebec, the garages being closed, but finally secured help at the Grapevine garage and returned to his parked car, having been gone something over an hour.

In the meantime two traffic officers in a state car, traveling north in the easterly traffic lane, at 35 or 40 miles an hour, passed the parked car and then backed up to investigate. One of the officers testified that they noticed a car parked on the east shoulder ''parked against the bank'' and that they stopped to investigate. The other officer, who was driving, testified ''I had passed the car before I realized it was something that should be looked after,'' and that they then checked by radio to see whether or not the car had been stolen. These officers testified that while they made no measurements they

thought the rear left tire on the parked car was from six inches to a foot on the pavement. While the officers had flares with them they did not put them out. The officers then drove north to Gorman and inquired as to the owner of the parked car. Receiving no information they then drove south.

When they again reached the point where the car had been parked they found that there had been an accident. The parked car was still on the easterly shoulder but about 16 feet 9 inches north of where it had been. Its left rear fender was completely knocked off, its bumper was hanging down, and there was considerable damage to the left part of the rear end and the left side of that car. There were gouge marks on the east edge of the pavement 16 feet 9 inches south of where the parked car then stood, and from those gouge marks dual tire marks ran northerly in a zigzag manner, and passing over all three lanes of the pavement, for a distance of 206 feet before they left the pavement on the easterly side. From that point they ran northerly about 100 feet along the easterly shoulder and into a canyon, some 60 feet deep. There was found a GMC tractor truck, the kind which is used to pull a semi-trailer although no semi-trailer was attached. Underneath this truck Paulsen was found dead. He had left home with this tractor truck on the previous morning. There was evidence that this tractor truck was eight feet wide. Pictures of respondent's car after the collision and of the marks left on the pavement by the truck, which were taken that night and the next morning, were introduced in evidence.

The appellants first contend that it must be held, as a matter of law, that the respondent was guilty of negligence and that such negligence proximately resulted in the death of Paulsen. While there is some evidence indicating that the respondent parked his car as well off the pavement as was reasonably possible under the circumstances, there would seem to be no question that he was negligent in not at least leaving a rear light lighted, as required by section 627c of the Motor Vehicle Code. However, a question of fact was presented as to whether that negligence was a proximate cause of the death of Paulsen. This is true because of the other circumstances which appear, with the reasonable inferences therefrom, which will be referred to in connection with the next point raised.

It is next contended that the jury's verdict must have been based upon a finding that Paulsen was guilty of contribu-

tory negligence, and that the evidence is entirely insufficient to support such a finding. It is argued that the presumption that the deceased was traveling at a lawful rate of speed, that he was on the proper side of the highway, and that he was at all times exercising ordinary care for his own safety, is evidence in this case; that since there were no eyewitnesses to the accident this presumption is of a particularly strong nature; and that there was no evidence which is sufficient to overcome this presumption.

It is well settled that this presumption is evidence which must be considered in such a case, and that it is sufficient to support a verdict unless overcome by satisfactory evidence. (*Westberg* v. *Willde,* 14 Cal.2d 360 [94 P.2d 590].) But this presumption is rebuttable and when there is substantial evidence to the contrary it becomes a question of fact for the jury. (*Nelson* v. *Myers,* 94 Cal.App. 66 [270 P. 719] ; *Estate of Braue,* 45 Cal.App.2d 502 [114 P.2d 386] ; *Mar Shee* v. *Maryland Assurance Corp.,* 190 Cal. 1 [210 P. 269].)

Taking the evidence most favorable to the appellants, the respondent's car was parked on the right shoulder with only a foot or two of it extending over the pavement. It appears that a number of other cars traveling in the east lane passed it without difficulty. Even the traffic officers had passed it before they realized that anything was wrong, and then they seemed to be more concerned as to whether or not it was a stolen car. They had flares which they did not put out and it is a reasonable inference from their testimony that they did not consider this necessary. The road was straight, affording a clear view for at least three-eighths of a mile to the south of the parked car, and it must be presumed that the deceased had lights of the strength required by the Vehicle Code. No reason appears why he should not have seen what other drivers saw. The truck driven by the deceased was eight feet wide and the damage to the parked car shows clearly that it was struck a foot or more to the right of the left rear fender. An inference could well be drawn that the deceased was driving with several feet of his truck extending over the right shoulder. It appears that the parked car, with its emergency brake on, was struck with such force as to push it upgrade a distance of nearly 17 feet and that, thereafter, the truck which struck it proceeded on up a comparatively steep grade for a distance of 300 feet and then went over into the canyon. This evidence, with the reasonable inferences

therefrom, presented a question of fact for the jury. It could neither be held, as a matter of law, that this evidence was unsubstantial nor that it was insufficient to overcome and dispel the presumption that the deceased had used due care for his own safety. It is hardly possible to reconcile the evidence here with the use of such care by the deceased.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.