[Civ. No. 15966.   Second Dist., Div. Three.   Mar. 4, 1948.]

DEAN M. WAHRENBROCK et al., Appellants, v. LOS ANGELES TRANSIT LINES (a Corporation) et al., Respondents.

A. J. O'Connor, John B. Petermann and George J. Hider for Appellants.

Gibson, Dunn & Crutcher for Respondents.

VALLÉE, J. pro tem.—Appeal by plaintiffs, the widow, children and business partner of Elmer Norman Wahrenbrock, from a judgment entered upon the granting of a motion for a judgment of nonsuit in an action for damages.

The complaint is in three counts: (1) for wrongful death, (2) for money expended by reason of the alleged wrongful death, (3) for damage to a truck.

Viewing the evidence in the light most favorable to plaintiffs, drawing all reasonable inferences in their favor, and disregarding all conflicting and contradictory evidence, the facts are these: On December 4, 1945, at about 6 o'clock p. m., defendants, by a skilled motorman with long experience on the particular run involved, were operating an electric streetcar on defendant L. A. Transit Lines' private right of way in Los Angeles. The right of way, 33 feet wide, divided Crenshaw Boulevard lengthwise, making it a divided highway. Automobiles travel south on the west side of the private right of way and north on the east side. At the time of the accident the streetcar was traveling south; the grade was uphill; it was dark and raining; the front window of the streetcar immediately before the motorman was splattered with rain drops; the vision of the motorman was obscured but he "could see quite a ways"; the lights on the streetcar were on; the streetcar was loaded; there were no empty seats.

Decedent was driving an automobile in a northerly direction on Crenshaw Boulevard, east of the right of way, near the west curb. The motorman first saw decedent's automobile when the streetcar was 100 feet north of the intersection of Crenshaw Boulevard and 46th Street. At that time decedent's automobile, with its lights on, was at the prolongation of the southerly curb line of 46th Street and its intersection with Crenshaw Boulevard; the streetcar was traveling between 20 and 25 miles an hour; the automobile was traveling about 10 miles an hour. Decedent made a left turn into 46th Street to cross the private right of way. He did not stop. At the moment decedent started across the tracks the intersection was clear. At the time the front end of the automobile reached the track on which the streetcar was traveling south,

the streetcar was about 60 feet north of the prolongation of the north curb line of 46th Street and traveling about 20 miles an hour. The motorman did not apply his brakes when the automobile started to turn. He did not apply his brakes until he reached the intersection. Several automobiles had crossed the right of way at 46th Street before decedent's automobile turned onto the right of way from Crenshaw Boulevard. The motorman saw at least one of these automobiles crossing the tracks and decreased his speed slightly. When they cleared the tracks he increased his speed again. The streetcar struck decedent's automobile broadside and traveled about 80 feet beyond the point of impact, carrying the automobile with it on the tracks. The automobile was badly damaged. Wahrenbrock died as a result of the collision.

Appellants contend that the court erred in granting the motion for judgment of nonsuit. They argue that it is to be presumed that decedent was using due care for his safety; that even though there is evidence which conflicts with the presumption, the presumption still stands and the issue is one for the jury; that, in any event, the evidence does not show that decedent was guilty of contributory negligence as a matter of law; that the evidence shows that the motorman was guilty of negligence and, at most, there is a conflict in the evidence.

Respondents argue that since the streetcar was operated upon a private right of way, the rules applicable to a steam railroad apply, including the traversing of street intersections; that the speed limits prescribed by the Vehicle Code do not apply to a streetcar; that the motorman could operate the car at any speed not inconsistent with the exercise of ordinary care; that the deceased had a positive duty to look and to listen for the oncoming car and stop, if necessary, to gain an unobscured view of it and to avoid a collision; that the motorman was entitled to assume that a person intending to cross the tracks would look and listen and would not cross when the streetcar was so close to the cross-over as would be a menace to the driver's safety; that the motorman is not required to decrease his speed until he is led reasonably to believe that the person so approaching the tracks does not intend to stop. Respondents also urge that the presumption that the decedent was using due care for his safety is not applicable where plaintiff produces eyewitnesses to an accident, whose uncontradicted testimony proves that the decedent was not using due care.

We assume for the purpose of this opinion that respondents' contentions with respect to the duties of a motorman operating a streetcar on a private right of way and the duties of a driver of a motor vehicle about to cross a private right of way on which streetcars are operated are correct, although there is doubt whether the application of such rules is not limited to electric cars operated in interurban service outside of a city. (See *Billig* v. *Southern Pacific Co.*, 192 Cal. 357, 362 [219 P. 992] ; *Lund* v. *Pacific Electric Ry. Co.*, 25 Cal.2d 287, 295 [153 P.2d 705] ; *Lindsey* v. *Pacific Electric Ry. Co.*, 111 Cal.App. 482, 487 [296 P. 131].)

The trial court should have taken, and we take, judicial notice of the fact that the streetcar was being operated in a thickly populated section of the city of Los Angeles and that Crenshaw Boulevard at 46th Street is a heavily traveled thoroughfare. (*Katz* v. *Helbing*, 205 Cal. 629, 635 [271 P. 1062, 62 A.L.R. 825] ; *Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335, 340 [208 P. 125].)

In our opinion, various presumptions of law come to the aid of appellants and compel a holding that decedent was not guilty of contributory negligence as a matter of law. The applicable principles are stated at length in *Wiswell* v. *Shinners*, 47 Cal.App.2d 156, 160 [117 P.2d 677] : "Where, as in the instant case, death has ensued as a result of the accident, thereby sealing the lips of the injured party, the surviving spouse as plaintiff in the action for the alleged wrongful death, was entitled to invoke the aid of certain presumptions indulged in by law. The presumption is that every person obeys the law; that every person takes ordinary care of his own concerns, and that a person is innocent of crime or wrong. (Code Civ. Proc., sec. 1963, subds. 1, 4 and 33.) There was therefore present in this case the presumption that decedent, while crossing through the intersection, was at all times exercising the requisite degree and amount of care for his own safety by looking in the direction from which danger could be anticipated, . . .

"True, where facts are admitted or established by proof which is irreconcilable with the presumption, the latter loses its evidentiary value. Nevertheless the presumption is a species of indirect evidence (Code Civ. Proc., sec. 1957), and will prevail in and control the deliberations of the jury unless it is overcome by satisfactory evidence. When, as in the case at bar, direct evidence of an eye-witness was introduced to

establish as a fact conduct and behavior on the part of the decedent at variance with and contrary to the presumption, the disputed fact nevertheless remains to be considered and determined upon all the evidence, including the presumption. Indeed, section 2061, subdivision 2, of the Code of Civil Procedure admonishes the trial judge upon all proper occasions to instruct the jury that 'they are not bound to decide in conformity with the declarations of any number of witnesses, which do not produce conviction in their minds, against . . . a presumption . . .'

". . . We therefore conclude that appellant was entitled to the benefit of the presumptions here claimed until dispelled by evidence opposed to them, and that it was for the jury to determine whether the presumptions had been overcome by evidence offered in contradiction thereof, which last-named evidence the court was not permitted to consider in ruling upon the motion for a directed verdict.

"Cases cited by respondents in support of their claim that the presumption is destroyed by evidence in contradiction thereof are all cases where appeals were taken from final judgments, in the rendition of which the court or jury was entitled to pass upon the weight of all the evidence submitted and to judge of the credibility of witnesses. Such power is not within the province of a court in ruling upon motions for nonsuit or directed verdict." (See, to the same effect, *Ryan* v. *San Diego Elec. Ry. Co.*, 52 Cal.App.2d 460, 466 [126 P.2d 401] ; *Barry* v. *Maddalena,* 63 Cal.App.2d 302, 306 [146 P.2d 974] ; *White* v. *Los Angeles Ry. Corp.* 73 Cal.App. 2d 720, 727 [167 P.2d 530] ; *Vincent* v. *Los Angeles Transit Lines,* 81 Cal.App.2d 195 [183 P.2d 713] ; Anno. 144 A.L.R. 1477.)

The rule stems from *Mar Shee* v. *Maryland Assurance Corp.,* 190 Cal. 1 [210 P. 269], and *Smellie* v. *Southern Pacific Co.,* 212 Cal. 540 [299 P. 529]. The latter case was an appeal from a judgment on a directed verdict. The question was "directly raised and presented as to whether this presumption, that the deceased exercised due care for his safety, has been overcome and dispelled as a matter of law," by uncontradicted testimony that the decedent was not using due care. The court concluded (p. 555) : "In this state the facts and circumstances of the killing must be in evidence. When in evidence they are aided by the statutory presumption as a species of evidence in behalf of the party relying upon it.

When the presumption is invoked by a party and his evidence is not inconsistent therewith, it is in the case, provided, of course, the evidence sufficiently establishes a sphere or field within which the presumption can operate. Whether it does must, of course, be decided by the trial court as a question of law," and that (p. 564) " [t]he facts before us do not, we think, point unerringly to the negligence of the deceased. . . . Under these circumstances we think it was for the jury to say as a matter of fact, and not for the court to hold as a matter of law, whether the deceased was guilty of contributory negligence."

It is only when the uncontradicted testimony of the party himself or his witnesses is "wholly irreconcilable" with the presumptions invoked that the latter are dispelled and disappear from the case. (*Westberg* v. *Willde*, 14 Cal.2d 360, 367 [94 P.2d 590], where it was said: " [W]here the acts and conduct of a deceased person are the subject of inquiry, and the testimony respecting such acts and conduct necessarily must be produced by witnesses other than the deceased, unless such testimony meets the requirement of the rule in the Mar Shee case, and other cases decided by this court following the Mar Shee case, an instruction that the deceased is presumed to have exercised ordinary care for his own concerns is not only proper but this court in an unbroken line of decisions, has sustained the giving of such an instruction"; *Anthony* v. *Hobbie*, 25 Cal.2d 814, 819 [155 P.2d 826] ; *Douglas* v. *Hoff*, 82 Cal.App.2d 82, 85 [185 P.2d 607] ; *Wright* v. *Sniffin*, 80 Cal.App.2d 358, 366 [181 P.2d 675] ; *Simon* v. *City & County of San Francisco*, 79 Cal.App.2d 590 [180 P.2d 393] ; *Paulsen* v. *Spencer*, 78 Cal.App.2d 268, 271 [177 P.2d 597].)

The evidence introduced by the plaintiffs in the present case is not "wholly irreconcilable" with the presumption that every person obeys the law, that a person is innocent of wrong, and that the decedent exercised due care for his own safety. There is no evidence that the decedent did not look and listen. It is presumed that he did and that he, at all times, exercised the requisite degree and amount of care for his own safety by looking in the direction from which danger could be anticipated. Whether he did or not, was a question for the jury. The situation is the same as if he were alive and had testified that he did and did not do all things which a reasonably prudent person would have done or would not have done under like circumstances. The deceased was upon

a public highway, a place where he was lawfully entitled to be, and he was about to cross defendants' right of way upon a public highway traversing the right of way. As was said in *White* v. *Los Angeles Railway Corp.,* 73 Cal.App.2d 720, 728 [167 P.2d 530] : "[T]he question of whether he should have observed the immediate proximity of the streetcar, or whether, in making an error in judgment as to the speed or danger of the approaching streetcar, he was guilty of contributory negligence, was also for the consideration of the jury, the test, under these circumstances, being whether deceased's action was compatible with the conduct of a person of ordinary prudence."

The following statement of the Supreme Court in *Anthony* v. *Hobbie,* 25 Cal.2d 814, 818 [155 P.2d 826], is appropriate: "Turning to the question of contributory negligence on the part of the decedent, certain rules must be remembered. The burden of proving contributory negligence is upon the defendant. (19 Cal.Jur. 697-699.) True, contributory negligence may be found by the trier of fact from the plaintiffs' own evidence. But cases in which it can be said that the negligence of plaintiff contributes proximately to the accident as a matter of law are rare. The rule has been stated in various ways in a legion of cases, that contributory negligence is not established as a matter of law unless the only reasonable hypothesis is that such negligence exists; that reasonable or sensible men could have drawn that conclusion and none other; that where there are different inferences that may be drawn, one for and one against, the one against will be followed; and that before it can be held as a matter of law that contributory negligence exists, the evidence must point unerringly to that conclusion." (See *Wright* v. *Los Angeles Ry. Corp.,* 14 Cal.2d 168 [93 P.2d 135].)

The trial court granted the motion for a judgment of nonsuit upon the ground that decedent was guilty of contributory negligence as a matter of law. He did not pass upon the question of whether there was evidence of negligence on the part of the motorman which proximately caused the death of decedent. Under the facts, it is obvious that there was sufficient evidence to require the submission of the cause to the jury on that question. The jury could reasonably have concluded from the evidence that the motorman saw decedent's automobile when the streetcar was at least 100 feet from the intersection; that when he, the motorman, was from 60 to 100 feet from the intersection he saw, or could have seen, deced-

ent turn onto the right of way and start across; that he should have applied his brakes when he saw decedent start across the right of way instead of waiting until he reached the intersection to do so; and that if he had done so the automobile would have cleared the track without being struck; in fine that he did not exercise ordinary care in the operation of the streetcar.

We are of the opinion that the court erred in granting defendants' motion for a judgment of nonsuit.

Judgment reversed.

Shinn, Acting P. J., and Wood, J., concurred.

A petition for a rehearing was denied March 23, 1948, and respondents' petition for a hearing by the Supreme Court was denied April 29, 1948. Edmonds, J., and Traynor, J., voted for a hearing.