[Civ. No. 21255.   Second Dist., Div. One.   Apr. 5, 1956.]

Estate of SADIE PELTON, Deceased. TONY  MARTINO-
VICH, Appellant, v. NORMAN PELTON et al., Re-
spondents.

Sarah Vida Ross and Henry P. Goodwin for Appellant.

Herbert Gall, John U. Gall, Glen A. Duke and Edward
Fitzpatrick for Respondents.

NOURSE (Paul), J. pro tem.*—The appellant, Tony Marti-novich, as a legatee and devisee of Sadie Pelton, appeals from a judgment denying his petition to have admitted to probate a document offered by him as the last will and testament of said decedent. The respondent Norman Pelton is the son of decedent. He filed a written opposition to appellant's petition. His second ground of contest was that the instru-ment offered as the last will of Sadie Pelton had not been executed in the manner or form required by law for the execution of a will.

The trial court found that the decedent had not signed the will in the presence of the attesting witnesses or either of them, had not requested said witnesses or either of them to witness her will, and had not declared to them that it was her last will and testament; and upon these findings made the judgment appealed from.

The appellant attacks the judgment on the sole ground that "there was no substantial evidence to justify or support the judgment."

The following facts are established by substantial evidence. The will in question is a carbon copy of a typewritten in-strument. It bears the signature of the decedent, and after her signature there is set forth an attestation clause in the usual form, which is signed not only by the testatrix but by two witnesses.

After the appellant's petition was filed and the will filed for probate, the depositions of both attesting witnesses were taken. In their depositions they testified that the decedent had requested them to witness her will, that she had signed it in the presence of both witnesses, and that each witness had signed in the presence of the testatrix and in the presence of the other attesting witness. They testified that this took place in an automobile at the home of the witness Kaitis. The witness Kaitis signed her deposition, but the witness Buddin did not sign hers. The deposition of the witness Kaitis was taken in December of 1953, and that of the witness Buddin in February of 1954.

The case was set for trial on October 6, 1954, before a jury. At that time counsel for the proponent was unable to find the attesting witnesses, and the matter was continued at his request and was again called for trial on January 6, 1955, at which time the parties waived trial by jury.

---

*Assigned by Chairman of Judicial Council.

Shortly prior to January 6 counsel for the proponent was able to contact the two witnesses and subpoena them. They advised him that they would not go through with the matter and that Mrs. Pelton was not present when they signed the will. The two witnesses then went to the Bar Association and were referred by the association to a member of the bar who at the opening of the trial appeared and stated to the court that the witnesses were present in the courtroom at his insistence; that they had told him that they did not see the testatrix sign the will although they thought she did sign it.

Both attesting witnesses were then called by the proponent. Each of them testified that the will had been brought to them by the proponent Martinovich, who had requested them to sign as witnesses; that they knew the testatrix' signature and they did sign at proponent's request; that this was not done at the request of the testatrix or in her presence, and she had never declared to them that the instrument was her will. They both testified that they had lied in their depositions, but desired to recant.

The proponent testified that after the death of the testatrix he had received the will through the mail from one Acuna. He produced the envelope in which he had received it.

The witness Acuna testified that on the day of testatrix' death and after her funeral the proponent had come to his home and handed him a plain, sealed envelope which contained some matter, the character of which the witness did not then know, and asked the witness to address the envelope to the proponent and send it to him by registered mail; that the witness did address the envelope to the proponent and he and the proponent took it to the post office and sent it by registered mail to the proponent, proponent paying the registry fee. Several days later the witness questioned the proponent concerning the contents of the envelope. The proponent then stated that it had contained Mrs. Pelton's will and asked the witness to tell the story that the testatrix had left the document with him and told him to mail the document to the proponent after her death, and that the proponent then handed him an issue of the Los Angeles Times containing the notice of Mrs. Pelton's death, stating that this would be the evidence the witness would have to show the manner in which he learned of the death. The witness was corroborated by the testimony of his wife.

At the close of the trial the court, without causing any

affidavits to be filed or having an order to show cause issued, found both of the attesting witnesses in contempt for having perjured themselves, and sentenced them to jail or in the alternative to pay substantial fines.

It is appellant's position that the court having found the witnesses to be perjurers, the evidence given by them at the trial does not constitute substantial testimony to uphold the findings of the trial court; and that the signature of the testatrix having been proven and the will being proper in form as to attestation, that it is presumed that the instrument is the last will and testament of Mrs. Pelton and that that presumption could not be overcome by the testimony of two perjurers. He further argues that the court must have found that the witnesses perjured themselves at the trial rather than in the testimony given in their depositions because, he says, it would be only testimony given at the trial that would constitute a direct contempt rather than a constructive one and permit the court to fine them and sentence them for a contempt without proceedings had in accordance with the second paragraph of section 1211 of the Code of Civil Procedure.

Appellant's position cannot be sustained. ■ It is the exclusive province of the trial court to pass upon the credibility of witnesses, and in so doing it may, in its discretion, believe the testimony given at the trial although they may have been conclusively shown to have perjured themselves in their depositions. No citation of authority is necessary to support this proposition.

■ In the case at bar the evidence so clearly shows the fraud attempted by the proponent of the will that the court was fully justified in believing that the witnesses had been led by proponent into perjuring themselves in their depositions, but that their consciences had not permitted them to perpetuate their perjury.

If the trial court had reached the conclusion that no credence should be given to any of the testimony given by the attesting witnesses it could have admitted the will to probate, basing its finding of due execution solely on the presumption that arises from proof of the signature of the testatrix and the signatures of the attesting witnesses (*Estate of Pitcairn*, 6 Cal.2d 730, 732 et seq. [59 P.2d 90] ; *Estate of Braue*, 45 Cal.App.2d 502, 505 [114 P.2d 386] ). ■ The trial court, however, was not obligated to disbelieve the testi-

mony given by the witnesses at the trial, because of their admissions of perjury in their depositions. It was the exclusive province of the trial court to winnow the grains of truth from the chaff of falsehood in the testimony of these witnesses, and its determination of what was true and what was false cannot be reviewed by this court (*Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689]; *Bechtold* v. *Bishop & Co.*, 16 Cal.2d 285, 291 [105 P.2d 984]; *Wright* v. *Delta Properties, Inc.*, 79 Cal.App.2d 470, 476 [180 P.2d 57]).

It is not necessary for us to decide here whether the giving of perjured testimony in a deposition constitutes a direct or a constructive contempt, or either of them, or to decide whether the trial court erred in sentencing the witnesses for contempt without complying with the provisions of the second paragraph of section 1211 of the Code of Civil Procedure. Those questions in nowise affect the question which we have determined here.

Appellant assigns as error certain remarks of the trial court made during the course of the trial. We have examined the record and find nothing erroneous in the remarks made by the trial court, nor anything subject even to criticism.

The testimony of the attesting witnesses as given at the trial fully supports the findings of the trial court, and there the matters ends.

The judgment is affirmed.

Doran, Acting P. J., and Fourt, J., concurred.