Filed 12/19/23  Tobias v. Franke CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| RENEE LYNN TOBIAS,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>JON ALBERT FRANKE,<br><br>  Defendant and Respondent. | 2d Civ. No. B324632<br>(Super. Ct. No. 22FL-0113)<br>(San Luis Obispo County) |

Renee Lynn Tobias appeals from a judgment of dismissal and an order of the superior court denying her request for a domestic violence restraining order (DVRO).  (Fam. Code, § 6200 et seq.)[1]  We conclude, among other things, that the trial court did not abuse its discretion in denying her request and Tobias has not shown error.  We affirm.

FACTS

Jon Albert Franke and Tobias began living together on May 15, 2019, and moved into Franke's home in Pismo Beach.  Franke

_____

[1] All statutory references are to the Family Code.

owned the home at that time outright with no mortgage. The couple became engaged in June 2020. Franke gifted Tobias a 10 percent interest in the residence as part of an agreement that required the parties to not reside in the property and to work together to facilitate its sale.

In the first week of June 2020, the parties moved to Ontario, Canada. On February 27, 2021, the parties ended their relationship and cohabitation. Franke claimed Tobias took his 2011 Lexus from his home in Canada without his permission and had it shipped to California. He filed a criminal complaint against Tobias with the York Regional Police in Canada.

Franke filed a partition action in the San Luis Obispo County Superior Court, seeking an order directing the sale of the Pismo Beach residence. Tobias's default was taken in that action in January 2022.

*The Temporary Restraining Order*

In February 2022, Tobias filed a request for a temporary restraining order (TRO). She sought protection from Franke and possession of the Pismo Beach residence and the Lexus vehicle. The trial court issued a TRO, precluding Franke from being within 100 yards from either the residence or the Lexus. The TRO granted Tobias possession of the Pismo Beach real property and the Lexus pending a trial on the DVRO request.

In August 2022, the trial court conducted a hearing on Tobias's DVRO request. Tobias and Franke testified. Tobias invoked her Fifth Amendment right to not testify as to how she got the Lexus to California and whether she had any documentation from Franke authorizing her to take the vehicle. Tobias claimed the Lexus was at issue in a family law action in

2

Canada. But she was unable to produce documentary evidence that she had a right to possession of that vehicle.

Franke's counsel told the court, "Ms. Tobias filed a civil action in Canada to declare herself as Mr. Franke's common law wife. In that case, she's asking for property orders, including the disposition of the vehicle that you gave her temporary possession of. *What she didn't share with you in the application was that vehicle is solely registered to Mr. Franke.*" (Italics added.) He claimed Tobias obtained the TRO by providing misleading information to the court. The trial court admitted into evidence the registration and title to the Lexus which was in Franke's name, and the parties' agreement concerning the Pismo Beach property. At the conclusion of the hearing, the trial court found Franke to be a credible witness and Tobias to be an obstructive witness lacking credibility.

The trial court found that Tobias failed to show that Franke had committed any acts of abuse. It denied the request for a DVRO, it let the TRO expire, and it granted Franke's request for attorney fees pursuant to section 6344. At a subsequent hearing on September 19, 2022, the court granted attorney fees to Franke in the amount of $21,875.

## DISCUSSION

Under the domestic violence protection statute (§ 6200 et seq.), a court may issue a protective order to prevent abuse or "domestic violence." (*In re Marriage of Davila & Mejia* (2018) 29 Cal.App.5th 220, 225.) "We review the grant or denial of a request for a DVRO for abuse of discretion." (*Id*. at p. 226.)

*Substantial Evidence*

Tobias contends the trial court did not properly evaluate the evidence and its order is not supported by the record. She

3

claims there is evidence that supports her position, but the issue is whether substantial evidence supports the judgement.

An appellate court must consider the evidence in the record in the light most favorable to the judgment. (*DiQuisto v. County of Santa Clara* (2010) 181 Cal.App.4th 236, 259.) We must draw all reasonable inferences to support it. We do not weigh the evidence, resolve evidentiary conflicts, or decide the credibility of the witnesses. The appellant who challenges the trial court's factual findings must state all the evidence in support of the court's order in the opening brief. (*Ibid.*) The appellant must also cite to the record. Where an appellant does not follow these appellate rules, the appellate court may disregard challenges to the factual findings of the trial court. (*Ibid.*)

Franke objects to Tobias's opening brief because she alleges claims of abuse without citing to the record. His objection is meritorious. Tobias did not include a sufficient statement of facts with citations to the trial transcript of the evidence the court relied on. But, even so, our review of the record shows the trial court did not err in making its findings.

*Injunctive Relief Against Franke Involving the Lexus*

Tobias claimed the trial court should have maintained the TRO that prohibited Franke from going near the Lexus. She claimed he improperly hired a recovery agent to attempt to take possession of the vehicle from the Pismo Beach home. But the court received evidence showing that the car belonged to Franke, not Tobias. Franke testified that he was the owner of the car. He said he did not give her the car as a gift. From Tobias's refusal to answer questions about how she obtained possession of his vehicle, the court could reasonably draw negative inferences against her. She has not shown why the court could not find that

4

she did not have a lawful title to that vehicle.  When asked if her name was on the title, Tobias responded, "It is not."

Moreover, the trial court found Franke's efforts to obtain possession of that vehicle from Tobias were justified.  It found Franke "credibly testified" that Tobias "started selling his possessions."  It said, "He was concerned that Ms. Tobias was going to sell the 2011 Lexus."  Franke used a "recovery specialist to go to the house in Pismo.  He used the app on his phone to open the garage. *This is a home that he owns . . . .*"  (Italics added.)  Tobias has not cited to the trial transcript to challenge these findings.  She appears to claim the court should have relied on her declaration in support of the TRO.  But after hearing her testimony at the hearing and finding she was not credible, the court could reasonably determine her paperwork in support of the TRO was not credible and could no longer be considered.  Franke testified that Tobias had been selling his property.  He took actions to protect his property.  The court found Franke did not engage in any abusive conduct.  Tobias has not made a proper showing to challenge that finding.

*Injunctive Relief to Prevent Franke from Going to the Home*

Tobias claimed the trial court should not have let the TRO that prohibited Franke from going near the house in Pismo Beach expire.  But after hearing evidence at the hearing, the court rejected her claims about good cause for injunctive relief against Franke.  It found, "This is a home that [Franke] owns, at least for now . . . ."  The court found his interest in the home was substantially greater than Tobias's.  It said Franke owns a "90 percent" interest in this "multimillion dollar home"; Tobias owns only "ten percent of this home."  In fact, when the court asked, "Does Mr. Franke own that home?"  Tobias initially said "yes."

5

Tobias claimed she needed an injunction against Franke to prevent him from coming to the home. She testified that in August Franke came to the house "to get some of his possessions." He was accompanied by police officers who were there in a "civil standby" mode to prevent violence. The trial court found that conduct was not abusive or grounds for injunctive relief. Tobias testified that she had an agreement with Franke that she would leave the real property by June 8, 2020. Franke testified he did not go to the home to harass Tobias. He went there to retrieve his personal property. When the police were present, he was "standing across the street not on the property." Franke testified that he needed police protection because Tobias had previously "kicked [him] in the testicles" and he "feared for [his] safety."

From the evidence the trial court had justifiable grounds to deny Tobias's request for the injunction.

*Credibility Findings*

Tobias contends the trial court erred in making credibility findings against her. But "[i]t is the exclusive province of the trial court to pass upon the credibility of the witnesses . . . ." (*Estate of Pelton* (1956) 140 Cal.App.2d 512, 515.) The record shows the court had valid grounds to find Tobias was not a credible witness. It found Tobias was a "very obstructive witness." She did not answer questions and she evaded questions. The court said, "[T]here was evidence from her videoed deposition where she contradicted her own testimony today here in this courtroom."

6

*Improper Exclusion of Evidence*

Tobias contends the trial court did not allow her to introduce additional evidence. But the record does not support this claim.

After Tobias had presented her case, she attempted to argue new conclusory claims about Franke having "abused litigation" and used third parties "to breach [her] accounts." These were not the issues raised in her TRO or tried in this proceeding. The trial court said, "I asked you specifically on the stand is there anything else you would like to tell the Court and you said no. You rested." The court went on to find that Tobias made a conclusory attack on Franke and had not made a sufficient factual or evidentiary offer of proof. The court said, "You've provided no evidence of that. You have no exhibits and no witnesses."

Tobias claims the trial court was rude. The record refutes this claim. The court was patient in considering Tobias's claims. It properly considered her in propria persona status. The court's findings about her evasive testimony are supported by the record. They were not insults or rude comments. They were relevant findings of fact based on the evidence in the trial transcript.

*Attorney Fees*

Tobias appears to claim the trial court erred by awarding Franke attorney fees. But a party who successfully defends against a DVRO may be entitled to an award of costs and attorney fees. (§ 6344; *Loeffler* v. *Medina* (2009) 174 Cal.App.4th 1495, 1509.) "We apply an abuse of discretion standard in reviewing the amount of an attorney fee award." (*Ibid*.) Here there was no abuse of discretion. Franke's counsel incurred substantial time in defending Franke. Tobias has substantial

7

resources, a 10 percent interest in a multimillion dollar home. The amount of the award is not excessive or disproportionate given the extended length and nature of these proceedings.

We have reviewed Tobias's remaining contentions and we conclude she has not shown grounds for reversal.

DISPOSITION

The judgment and order are affirmed.  Costs on appeal are awarded in favor of Franke.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

BALTODANO, J.

CODY, J.

Erin M. Childs, Commissioner

Superior Court County of San Luis Obispo

_____

Renee Lynn Tobias, in pro. per., for Plaintiff and Appellant.
Jon Albert Franke, in pro. per., for Defendant and Respondent.