[Civ. No. 13406.   Second Dist., Div. One.   May 29, 1942.]

I. H. WILTON, Appellant, v. LOUIS HENKIN et al.,
Respondents.

Thomas A. Law and Baldwin Robertson for Appellant.

Kenneth J. Murphy, Henry E. Keppler, James V. Brewer, George L. Greer and John K. Ford for Respondents.

WHITE, J.—By this action plaintiff seeks to recover damages for personal injuries sustained by him in an automobile accident wherein the motor vehicle was driven by defendant Henkin, allegedly engaged in the service of defendant Sopp.

At the conclusion of plaintiff's case the defendants introduced into evidence, over the former's objections, two sections of a city ordinance which will be hereinafter discussed; and thereupon both defendants rested their case and moved the court for a directed verdict. In his motion defen-

dant Henkin contended (1) that the evidence revealed no negligence on his part, and (2) that the plaintiff was guilty of contributory negligence as a matter of law; while defendant Sopp based his motion for a directed verdict on the grounds that (1) there was no proof of agency between him and defendant Henkin, (2) there was contributory negligence on plaintiff's part as a matter of law, and (3) there was no proof of negligence on the part of defendant Henkin. In granting the motion made by each defendant, the trial court said, in part:

''Of course, there is evidence here from which the defendant could be found by the jury to have been negligent, there is no question about that in my mind. On the other hand, in view of the construction that I have placed upon that ordinance I am forced to the conclusion that the plaintiff himself was guilty of negligence in attempting to cross the street contrary to the provisions of the ordinance, and I am further convinced that the proximate cause was established as a matter of law from the violation of the ordinance. In other words, he was violating the ordinance at the time he was hit. It may be that the defendant himself was negligent in cutting a corner there and driving where he did, but if they were both negligent it doesn't help the matter any, and I am forced to— . . .''

From the judgment predicated on the verdict directed in favor of the defendants, plaintiff prosecutes this appeal.

Epitomizing the evidence in the light most favorable to plaintiff, as we are required to do in considering an appeal from a judgment based upon an order directing a verdict, the record reveals that on the evening of December 22, 1939, plaintiff, a man 70 years of age, was walking in a southerly direction along a public street or alley in the business district of the city of Huntington Park. The alley upon which plaintiff was walking intersected and crossed Slauson Avenue, which is a public street extending in an easterly and westerly direction through Huntington Park. The alley is located approximately one block west of and runs parallel to Pacific Boulevard. Pacific Boulevard runs in a northerly and southerly direction intersecting Slauson Avenue, and at its intersection therewith are located automatic traffic control signals. On the evening of the accident the street lights were on and the traffic was heavy. At the intersection of Slauson Avenue and Pacific Boulevard there were marked pedestrian cross-

walks across Slauson Avenue; however, there were none across Slauson where it was intersected and crossed by the alley referred to. Before stepping into Slauson Avenue plaintiff looked to his left, which was easterly toward Pacific Boulevard, waited until the traffic signals were against traffic on Slauson, and observed that there were no cars proceeding away from Pacific Boulevard. As plaintiff proceeded into Slauson he looked in front of him; however, he did not look to his right, that is, to the west. On the north side of Slauson a car was parked westerly from the mouth of the alley and to plaintiff's right. This car was parked diagonally, headed into the curb, and extending southerly into Slauson Avenue. When plaintiff had proceeded to a point between the rear of this parked car and the center of Slauson Avenue and in a course across Slauson Avenue at right angles to the curb, he was struck by an automobile driven by defendant Henkin.

There is some conflict in the evidence in regard to the speed and route of the car driven by Henkin. However, taking the testimony most favorably to appellant, it appears that Henkin, driving the car lent him by the respondent Sopp, drove on to Slauson Avenue out of Rugby Street, which enters Slauson to the west of the alley referred to, turned right into Slauson, pulling over to the center line of Slauson. Henkin continued in an easterly direction on Slauson toward the intersection of the alley with Slauson at a speed of 20 miles per hour, and when he was 60 to 70 feet west of the alley he started across the center line of Slauson. After making a left-hand turn signal, Henkin, driving at a speed of from 10 to 15 miles per hour, turned to enter the alley. In other words, Henkin was driving on the wrong side of the street for 60 or 70 feet in anticipation of making a left-hand turn, and when he made that turn he failed to go to the right of and beyond the center of the intersection of the alley with Slauson Avenue, in violation of the law.

Henkin first saw Wilton when the latter was 15 feet from the front of Henkin's car, and Wilton was not then in the path of the car. Wilton first saw Henkin when the automobile was 6 to 8 feet from him and when he was somewhere between the end of the parked car and the center line of Slauson Avenue. Wilton was struck by the left front fender of the Henkin car while continuing to walk into the street. As soon as Henkin saw Wilton he applied his brakes and stopped within 2 feet of the place of impact.

As heretofore stated, there were received in evidence over

plaintiff's objection two sections of an ordinance of the city of Huntington Park. After concluding that plaintiff was guilty of contributory negligence in violating the provisions of this ordinance, the trial court directed a verdict in favor of defendants.

It is appellant's contention that the city ordinance was void because its provisions were in conflict with the California Vehicle Code, and therefore that the directed verdict was error. The pertinent sections of the ordinance, numbered 54 and 55, provide:

"No pedestrian shall cross a roadway other than by a crosswalk in any business district.

"No pedestrian shall cross a roadway at any place other than by a route at right angles to the curb, or by the shortest route to the opposite curb, except in a marked crosswalk."

Appellant contends that the subject matter treated in the ordinance is fully covered in the Vehicle Code, sections 560 to 563, inclusive, and that under the provisions of section 458 of said state statute the city of Huntington Park was by legislative action prevented from passing any ordinance contrary to or in enlargement upon any provision of the Vehicle Code.

Section 458 of the Vehicle Code provides that the provisions of division 9 thereof, which includes sections 450 to 604.10, "are applicable and uniform throughout the State and in all counties and municipalities therein and no local authority shall enact or enforce any ordinance on the matters *covered* by this division unless expressly authorized herein."

Section 560 of said code requires that the driver of a vehicle shall yield the right of way to a pedestrian crossing the roadway within any unmarked crosswalk at an intersection. Section 562 of the same code provides that a pedestrian crossing a roadway at a point other than within a marked crosswalk, or within an unmarked crosswalk at an intersection "shall yield the right of way to all vehicles upon the roadway," though the driver is not thereby relieved "from the duty to exercise due care for the safety of any pedestrian upon a roadway." Section 563 requires that between adjacent intersections controlled by a traffic control signal device or by police officers "pedestrians shall not cross at any place except in a crosswalk."

Appellant earnestly argues that he was not violating the foregoing sections of the Vehicle Code, as section 562 contemplates that the pedestrian may lawfully cross a street at

a place other than within a marked crosswalk, and that section 563 thereof does not make it unlawful to cross such an intersection as here involved, because it was not between adjacent intersections controlled by a traffic control device, the nearest traffic control being one-half block away on the east at Pacific Boulevard and three and one-half blocks away on the west at Santa Fe Avenue.

A municipality, by authority of the Constitution of California (art. XI, § 11), "may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws," and has the exclusive right to legislate over its own internal municipal affairs (*In re Ackerman*, 6 Cal. App. 5, 9 [91 Pac. 429]), while on the other hand, the State Legislature has exclusive jurisdiction to legislate upon matters which are of state concern. Between those fields which are strictly municipal and others which are exclusively of state concern, there is a field which has been designated as "not strictly municipal." It is with this intermediate field that we are here concerned, for traffic regulation is both a municipal affair, as well as being of concern to the state. The matter is of statewide interest because some streets of a municipality necessarily form an integral part of the highway network of the state. Thus this field is one with which both jurisdictions are vitally concerned in the interest of uniformity of traffic regulation throughout the state; and by virtue of the superiority of state legislation over municipal, an enactment of the State Legislature in this field of "not strictly municipal affairs" voids any act of the municipality in conflict therewith. Until the state acts, however, the field remains subject to municipal regulation, and the State Legislature has no power to forbid the municipality to so act. (*Ex parte Daniels*, 183 Cal. 636 [192 Pac. 442, 21 A.L.R. 1172].) Respondents suggest that section 458 of the Vehicle Code is unconstitutional on the ground that this section forbids the municipality to act in this field. A careful reading of the section reveals, however, that it is merely a succinct declaration of the law as it previously existed—that municipalities shall not enact or enforce any ordinance on matters *covered* by the State Legislature.

Therefore, the question here presented is whether by the foregoing legislative enactments the state intended to occupy the entire field governing the subject of pedestrian rights and duties at crosswalks. If by adoption of chapter 10 of divi-

sion 9 of the Vehicle Code, and particularly sections 560 and 561 thereof, it was intended by the state to fully occupy and cover the field in question, then the aforesaid provisions of the ordinance of the city of Huntington Park are invalid and unconstitutional, by reason of which fact the trial court was in error in granting a nonsuit on the ground that plaintiff was guilty of contributory negligence as a matter of law because he violated them.

In the case of *Pipoly* v. *Benson,* 20 Cal. (2d) 366 [125 P. (2d) 482], decided by our Supreme Court on May 1, 1942, it was decisively and unequivocally held that "the regulation of pedestrian traffic at crosswalks is a field intended to be occupied fully by the state legislation," by reason of which the Supreme Court declared unconstitutional section 80.38 of the Municipal Code of the city of Los Angeles, which section is similar in its terms to one of the provisions contained in the ordinance of the city of Huntington Park with which we are here concerned. The action of the trial court in determining that the plaintiff herein was guilty of negligence *per se* by reason of the violation by him of the city ordinance of Huntington Park and granting a nonsuit upon that ground must therefore be held to be erroneous, and such error requires a reversal of the judgment predicated upon the granting of a motion for a directed verdict in favor of the defendants.

By reason of the foregoing, other points presented and urged do not require discussion or consideration, because they may not arise from the evidence as presented upon a retrial.

For the foregoing reasons, the judgment is reversed and the cause remanded for a new trial.

York, P. J., and Doran, J., concurred.

A petition for a rehearing was denied June 22, 1942, and respondent Sopp's petition for a hearing by the Supreme Court was denied July 27, 1942.