[Civ. No. 11507.   First Dist., Div. One.   July 16, 1942.]

JOSEPHINE NOSBONNE, Appellant, v. GEORGE E. BRILL, Respondent.

H. L. Hagan and Charles Reagh for Appellant.

Myron Harris, William H. Older and John Jewett Earle for Respondent.

PETERS, P. J.—Plaintiff appeals from a judgment for defendant entered after an adverse jury verdict in an action brought by plaintiff to recover damages for personal injuries alleged to have been caused by the negligence of defendant. Appellant concedes that the evidence is conflicting, but urges that the trial court committed error in instructions given and refused, and in admitting into evidence an ordinance of the city of Oakland, which, it is urged, is invalid because in conflict with the provisions of the Vehicle Code. The submission of this appeal was held up to await the decision of the Supreme Court in *Pipoly* v. *Benson*, 20 Cal. (2d) 366 [125 P. (2d) 482], which involved the identical point last above mentioned. The decision in that case has now become final, and for reasons stated therein, the judgment here appealed from must be reversed.

The accident occurred between 9:30 and 10:00 p. m. on July 7, 1939, while appellant was crossing on foot from the east to the west side of College Avenue in the city of Oakland, near the intersection of College Avenue with Manila Avenue and Hudson Street. Hudson Street stops on the west side of College Avenue, while Manila Avenue continues both east and west of College Avenue. On the west side of College Avenue both Manila Avenue and Hudson Street intersect College Avenue at other than right angles. The result is, that at the intersection there are five corners. There is a pedestrian crosswalk delineated on the street extending from the northeast corner of College and Manila Avenues across College Avenue to its west side. Appellant testified that she was crossing in this pedestrian lane when she was struck. Respondent, and several other witnesses, testified that appellant was outside the pedestrian lane when hit.

The trial court admitted into evidence over appellant's objection, an ordinance of the city of Oakland which provides: "No pedestrian shall cross a roadway except at a crosswalk or regularly established pedestrian lane." An instruction was given based on this ordinance, as well as one predicated on section 562 of the Vehicle Code, which provides:

"(a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway.

"(b) The provisions of this section shall not relieve the driver of a vehicle from the duty to exercise due care for the safety of any pedestrian upon a roadway." The court also

instructed that any violation of the Vehicle Code or of the city ordinance "is presumptively an act of negligence and conclusively so until rebutted by evidence. . . ."

It is obvious that these instructions are directly conflicting. The instruction predicated on the ordinance told the jury that a pedestrian was absolutely prohibited from crossing a roadway outside a crosswalk, while the instruction predicated on the state statute told the jury that a pedestrian is simply required to yield the right of way when crossing outside the crosswalk.

■ In *Pipoly* v. *Benson, supra,* there was involved a Los Angeles ordinance substantially similar in language, and identical in legal effect, to the Oakland ordinance above quoted. The Supreme Court held that the city ordinance, at least insofar as it attempts to regulate the rights of pedestrian traffic in relation to vehicular traffic, was invalid as beyond the power of the municipality, that field of regulation having been fully and exclusively occupied by the state. It, therefore, held that the judgment for the defendant must be reversed.

The same conclusion follows in this case. ■ Counsel for respondent at the oral argument pointed out that it does not appear from the record by whom the challenged instruction relating to the city ordinance was submitted, and relies on the rule that in such cases it will be presumed on appeal that the challenged instruction was offered by appellant, who, therefore, cannot complain. (*Buckley* v. *Shell Chemical Co.,* 32 Cal. App. (2d) 209 [89 P. (2d) 453]; see cases collected 24 Cal. Jur., p. 870, § 118; 2 Cal. Jur., p. 869, § 509.) That rule is predicated on the basic rule of estoppel that the person offering an incorrect instruction cannot complain if it is given, and upon the rule that it is incumbent on the appellant to show error. The rule is usually applied to situations where an instruction on the subject matter was proper but the particular instruction was improper in form. If the presumption be indulged in in the instant case, it would mean that the court would presume that appellant offered what was in effect an instruction for a directed verdict for respondent. To apply the rule to such a situation would be to indulge in a presumption that common sense tells us is contrary to the facts. The Supreme Court, in at least one case, has refused to apply the rule. (*Fawkes* v. *Reynolds,* 190 Cal. 204 [211 Pac. 449].) That case was followed in *Hayes* v. *Emerson,* 110 Cal. App. 470 [294 Pac. 765]. In both cases the courts emphasized that under section 647 of the Code of Civil Procedure each party

is allowed, as a matter of law, an exception to every instruction. This last factor was also emphasized in *Pipoly* v. *Benson, supra.*

In the instant case, however, we are not required to base our conclusion that the judgment should be reversed solely on the ground that the instructions were conflicting. Counsel for respondent referred to the city ordinance during his opening statement, and indicated that his defense of contributory negligence was predicated, partly at least, on a claimed violation of that ordinance. During the trial respondent offered the ordinance in evidence and it was admitted over vigorous objections of appellant. Counsel for respondent then read the ordinance to the jury. The admission into evidence of the ordinance, over objection, and the reading of it to the jury, when such ordinance was unconstitutional and contained a totally incorrect statement of the standard of care required of pedestrians, was clearly error of a most serious and prejudicial nature. None of the other arguments offered by respondent requires discussion.

For the foregoing reasons the judgment appealed from is reversed.

Knight, J., and Ward, J., concurred.