[Civ. No. 12279. First Dist., Div. One. Feb. 10, 1943.]

WALTER H. HASKELL, Appellant, v. JOHN C. TOEPFER et al., Respondents.

H. W. Glensor for Appellant.

Robert L. Lamb, Daniel O'Brien, R. H. Cormany and A. Dal Thomson for Respondents.

WARD, J.—This is an action for damages for the death of a minor child who was killed as the result of being struck by an automobile driven by defendant Gladys Toepfer. The trial was had before a jury, which rendered a verdict in favor of defendants. Plaintiff's motion for a new trial being denied, he has taken this appeal from the judgment. The contentions for reversal are that the trial court committed error, first, in the admission of evidence, and, second, in two of its instructions to the jury.

The accident occurred in the middle of the afternoon in a business district in San Francisco, where the deceased child, a boy of a little less than five years old, had apparently wandered from his home a block and a half away. The day was clear, and the sidewalks and road dry. On the block where the accident occurred are stores on both sides of the street, and the street runs approximately north and south. The child had been talking to an upholsterer, whose shop is in the block on the east side of the street, and had passed on to an adjoining place of business, a coal yard, where he was observed by a witness who had come to call upon people across the way, and, finding them not at home, sat down on the steps to write a letter and await their return. The defendant Gladys Toepfer was proceeding south in her automobile at a speed of from twenty to twenty-five miles an hour. She was looking straight ahead and driving three or four feet from cars parked closely on the west side of the street. Two other cars were following her. She testified that the first intimation she had that anything was wrong was when she heard a thumping noise; that she thought it was a flat tire, and stopped in a normal manner and got out to see what the trouble was; that she then saw the child lying in the street.

He was thirty-four feet to the rear of her car. While the person writing upon the steps, and the upholsterer, testified that the child had been on the east side of the street just prior to the accident, there is testimony by the driver of the second car behind Mrs. Toepfer that he darted out from between cars parked on the west side of the street, which she was enabled to see clearly by reason of the fact that the car just ahead was proceeding somewhat to the left in an apparent effort to pass the Toepfer car. Testimony that the only mark on the Toepfer car was where some grease was rubbed off underneath the right rear spring may be a circumstance from which an inference may be drawn that the child approached the car from the west side of the street. Also, a blood stain was found ten feet out from the west curb; and thirty-four feet north of this spot, "in the general direction, the same line," were found "sort of marks made by shoes rubbing and there were threads of the boy's clothing between the blood and this point." From the above circumstances a jury weighing the evidence, having had the advantage of viewing the manner, etc., of the witnesses, could have reached a conclusion either way.

■ Appellant contends that it was error to admit in evidence the traffic ordinance of the city and county of San Francisco, purporting to limit the rights of pedestrians in the use of the streets and imposing upon them greater restrictions than the Vehicle Code and " . . . to instruct the jury that if the deceased child attempted to cross Tiffany Street other than at an intersection he was guilty of contributory negligence as a matter of law and if the jury found it to be the proximate cause of the accident the defendants were discharged from liability." (*Pipoly* v. *Benson,* 20 Cal.2d 366 [125 P.2d 482]; *Nosbonne* v. *Brill,* 53 Cal.App.2d 436 [128 P.2d 57]; *Fuentes* v. *Ling,* 21 Cal.2d 59 [130 P.2d 121]; *Wilton* v. *Henkin,* 52 Cal.App.2d 368 [126 P.2d 425]; *Ryan* v. *San Diego Elec. Ry. Co.,* 52 Cal.App.2d 460 [126 P.2d 401].)

It was stipulated, and the court so charged the jury, that any instruction on the subject of contributory negligence should not apply to the five year old boy, but to plaintiff, the father of the boy. Notwithstanding this stipulation, the instruction was erroneous, and the error was aggravated by the following instructions indicating that under certain cir-

cumstances "the minor is held to be guilty of negligence as a matter of law." "I instruct you that the defendant, in the absence of knowledge to the contrary, had no reason to anticipate the presence of persons on the highway, at the place and time of said accident. That the law provides that a pedestrian or person desiring to cross a street in a business district must do so only at an intersection. It is your duty to determine from the facts and the law whether the area involved in this case was, and is, a business district.

"I instruct you that if you find that the deceased minor was attempting to cross Tiffany Street, other than at an intersection, the minor is held to be guilty of negligence as a matter of law. The defendants are discharged from liability if, in your opinion, such violation of law on the part of the child, was the proximate cause of the accident."

As stated above, the jury from the evidence could have found either way. As applied to all the circumstances and facts surrounding this case, the giving of the instruction complained of was prejudicial error.

The judgment is reversed.

Peters, P. J., and Knight, J., concurred.