[Crim. No. 2824.   Third Dist.   May 27, 1958.]

THE PEOPLE, Respondent, v. WILLIAM ANDREW WRIGHT, Appellant.

Richard F. Barbeau, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and Lloyd Hinkelman, Deputy Attorneys General, for Respondent.

SCHOTTKY, J.—Defendant above named was charged by information with two counts of violating section 288 of the Penal Code, each count charging defendant with committing lewd and lascivious acts upon the body of a 12-year-old girl.

On July 12, 1957, appellant appeared without counsel for arraignment. The court appointed Deputy Public Defender William Lundgren to represent appellant. Thereupon appel-

lant pleaded not guilty by reason of insanity of violating section 288 of the Penal Code as charged in the two counts of the information. The appellant waived his right to a trial by jury and the matter was set for hearing on July 29, 1957.

On July 29, 1957, the day set for the appellant's sanity hearing, appellant's counsel moved to withdraw appellant's former plea of not guilty by reason of insanity. Said motion was denied. Dr. R. H. Noce and Dr. Warner M. Soelling were sworn and testified and their reports were received into evidence and filed as a matter of record. The testimony of the two doctors and their reports was the only evidence introduced at said hearing. The court, from the evidence produced, held that appellant was sane in July, 1956, as well as at the time of trial. By leave of court appellant was permitted to withdraw his former plea of not guilty by reason of insanity and entered a plea of not guilty to the two counts as charged in the information. The matter was set for trial by jury for August 20, 1957.

On August 9, 1957, by leave of court, appellant, while represented by counsel, withdrew his former plea of not guilty to the two counts charged in the information and entered a plea of guilty to each of the two counts charged in the information. On the same day, the court suspended proceedings and arraignment was set for August 12, 1957, to determine whether appellant was a sexual psychopath. Thereafter, sexual psychopathy proceedings were had, and it was determined that appellant was not a sexual psychopath. Thereafter, probation was denied and appellant was arraigned for judgment. The court asked appellant if he had any legal cause why judgment should not be pronounced. His attorney replied, "No legal cause." Judgment was pronounced, sentencing defendant on each count to the California Medical Facility at Vacaville, California, for the term prescribed by law. Defendant has appealed from the judgment.

At the request of appellant this court appointed Richard F. Barbeau, a member of the Sacramento Bar, to represent appellant on appeal. Mr. Barbeau, in a letter to this court, stated that after an examination of the record and communication with appellant and counsel who represented appellant at the trial, it is his (Mr. Barbeau's) opinion that there is no merit in the appeal.

Thereafter, appellant wrote letters to the court which have been filed as his opening brief, in which letters he contends that the public defender's office which represented him

throughout the lower court proceedings erred in not subjecting the two complaining witnesses and Mrs. Whitmire, one of appellant's neighbors, to a lie detector test; that appellant's neighbors framed him of the counts charged in the information; that one complaining witness was not in the city of Modesto, county of Stanislaus, at the time of the alleged commission of the offense charged in the information; that another man committed the offenses charged and not appellant; that appellant did not have the benefit of jury and witnesses; that appellant pleaded guilty because of the public defender.

We have reviewed the entire record on appeal and it is apparent that appellant's contentions are based upon assertions of alleged facts that are outside of the record. Under well settled rules such contentions may not be considered on appeal. (*People* v. *Leon*, 152 Cal.App.2d 49 [312 P.2d 736] ; *People* v. *Collins*, 117 Cal.App.2d 175 [255 P.2d 59] ; *People* v. *Graff*, 104 Cal.App.2d 32 [230 P.2d 654] ; *People* v. *Ruiz*, 103 Cal. App.2d 146 [229 P.2d 73].)

The record shows that appellant had the benefit of counsel at all stages of the proceedings and that the trial court was careful to see that appellant was fully informed of his rights. When, after a number of preliminary proceedings the case came on for trial before a jury, the assistant public defender, who was acting as counsel for appellant, stated that appellant wished to withdraw his plea of not guilty to both counts of the information. The court asked appellant if that was what he wished to do, to which appellant replied in the affirmative. The clerk then read each count to appellant and asked what his plea was, and appellant pleaded guilty to each.

We have reviewed the entire record and are convinced that there is no merit whatever in the appeal.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.