[Crim. No. 6364. Second Dist., Div. Two. Nov. 19, 1958.]

THE PEOPLE, Respondent, v. WILLIAM IRVIN JABLON, Appellant.

John H. Marshall for Appellant.

Edmund G. Brown, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney (Los Angeles), Jere J. Sullivan and Ralph F. Bagley, Deputy District Attorneys, for Respondent.

FOX, P. J.—Defendant was charged with violating section 11500, Health and Safety Code, in three counts, in that on October 29, 1956, he unlawfully had possession of (1) morphine, (2) codeine, and (3) isonipecaine, also known as demerol. He was convicted on all counts,[1] and has appealed from the judgment and from the order denying his motion for a new trial.

Although defendant does not challenge the sufficiency of the evidence to support the findings of the trial court on the issues raised by his pleas of not guilty, it is necessary to recite some of the background in order to understand his argument with respect to certain other pleas that he later entered.

Robert J. Truitt, a special investigator for the Board of Medical Examiners, arrested defendant in the afternoon of October 29, 1956, at his apartment in Los Angeles by virtue of a warrant issued by the Municipal Court of Los Angeles on October 26, 1956, for the violation of (1) section 2141, Business and Professions Code, which makes it unlawful to practice medicine without a license, and (2) section 2142 of the same code, which declares it to be a criminal offense to hold one's self out as being a medical doctor without having a license. Truitt identified himself, informed defendant that he had a warrant for his arrest, and exhibited it to him. Officer Truitt was accompanied by two Los Angeles police officers. The officers asked defendant whether he had any narcotics or medical preparations on his premises. He replied, "Yes, all over." The officers proceeded to search defendant's apartment in his presence. They found the narcotics here involved during the course of this search. There is no question on this appeal as to the legality of either the arrest or the search.[2]

When the case was called for trial on March 5, 1958, counsel

---

[1] Whether this possession is punished as separate offenses is not raised by defendant and is unimportant because all sentences were ordered to run concurrently.

[2] Those questions were settled in *People* v. *Jablon*, 153 Cal.App.2d 456 [314 P.2d 824], which reversed an order of the superior court under Penal Code, section 995, setting aside the information.

for defendant entered two additional pleas for his client (1) once in jeopardy, and (2) former conviction. Counsel indicated he was attempting to plead a judgment of conviction of defendant in the Los Angeles Municipal Court on February 19, 1957. No evidence whatever of any such conviction or proceeding was presented.

The court found defendant guilty on each count and further found that "the defendant has not been once in jeopardy and has not been previously convicted or acquitted" of any of the offenses charged.

▪ It was defendant's responsibility to present evidence in support of his special pleas. (*People* v. *Newell*, 192 Cal. 659, 665 [221 P. 622]; *In re Burns*, 78 Cal.App.2d 294, 301 [177 P.2d 649].) Having failed to produce such evidence it was incumbent on the court to find against defendant on his special defenses. (*People* v. *Newell, supra*, p. 668.)

▪ In his brief defendant tells us that on February 1, 1957, he was arrested again on the original warrant charging the two violations of the Business and Professions Code, arraigned on February 4, 1957, and submitted the matter on the arrest report April 23, 1957; that he was found not guilty on count one (practicing medicine without a license in violation of Bus. & Prof. Code, § 2141), and guilty of violating section 2142, Business and Professions Code as charged in count two (holding himself out as a doctor without a license); and that the court imposed a fine of $250, which was paid by defendant. The People's brief states that a search of the record before this court fails to reveal any reference to the foregoing asserted facts. The People also point out that matters outside the record may not be considered on appeal. We have examined the record and find none of these alleged facts either in evidence or that any effort was made to prove any of them. Under well settled rules, contentions based on such matters may not be considered on appeal. (*People* v. *Wright*, 160 Cal.App.2d 847, 849 [325 P.2d 576]; *People* v. *Adams*, 137 Cal.App.2d 660, 662 [290 P.2d 944]; *People* v. *Collins*, 117 Cal.App.2d 175, 184 [255 P.2d 59].)

The judgment and order are affirmed.

Ashburn, J., and Herndon, J., concurred.

A petition for a rehearing was denied December 10, 1958.