Opinion
IBAÑEZ, J.
Defendant appeals from a judgment of conviction following a court trial. He was found guilty of violating a county ordinance which forbids the riding of a motorcycle on an open easement within Catalina Island. (Ord. No. 10309, adopted July 13, 1971, amended by Ord. No. 11299 on Feb. 3, 1976.)
The appeal is on a settled statement where the grounds of appeal are stated. The riding of a motorcycle on the easement was not denied. The principal defenses made at the trial were on questions of law.
Discussion
The ordinance describes the land included in the “Santa Catalina Open Space Easement” by reference to a recorded document. (Art. I, § 14.5 of Ord. No. 10309 as amended.) Section 210 of article VIII of this ordinance provides that “A person shall not operate a motorcycle within the Santa Catalina Open Space Easement.”[1]
The space easement was a gift to the County of Los Angeles from the Santa Catalina Land Company granting the right to use certain land-area for purposes specified. The purposes stated in the recorded grant include making the land-area accessible to the public “for scenic, open-space and *Supp. 32 recreational purposes, and ... for the protection of wildlife, plants and unique geological and archeological sites.” The land-area is located within the Island of Santa Catalina, [Catalina].
I
Does the Ordinance in Question Legislate in an Area Preempted by the State, Hence Void?
Where, as here, an ordinance is challenged on the ground that it legislates in an area preempted by state law, the pervasive question to be asked and answered is, does “the demand for uniformity throughout the state [outweigh] the needs of local governments to handle problems peculiar to their communities”? (Robins v. County of Los Angeles (1966) 248 Cal.App.2d 1, 9 [56 Cal.Rptr. 853].)
Generally, “it may be said that ordinances affecting the local use of static property might reasonably prevail, while ordinances purporting to proscribe social behavior of individuals should normally be held invalid if state statutes cover the areas of principal concern with reasonable adequacy.” (Id., at p. 10.)
It is apparent that this is not a traffic ordinance as in James v. Myers (1945) 68 Cal.App.2d 23 [156 P.2d 69] (cited by appellant). Rather, it is an ordinance regulating the local use of a particular and most unique area of land available for recreational purposes; hence, by its very nature, special regulatory measures are called for consistent with its purposes.[2]
Section 21 of the Vehicle Code proscribes legislation by a local authority “on the matters covered by this code.” The code covers only *Supp. 33 matters where the state has acted. (Wilton v. Henkin (1942) 52 Cal.App.2d 368, 372 [126 P.2d 425].) The state has not acted to regulate activity comparable to the activity regulated by the instant ordinance. Nor is there validity to the argument of appellant that the regulation of private roads has been preempted by the state.[3]
A reading of the ordinance before us, as amended, makes clear its plan of regulation and control. It is entitled, a “ 'Park Ordinance’. . . relating to rules and regulations . . .” regulating, among other things, rubbish, shooting, firecrackers, fires, disturbances, animals, motor vehicles (§ 44), model airplanes, sleds, solicitation, alcoholic beverages, hours, house trailers, overnight camping, changing clothes, washing, swimming, boating, islands, fishing, posted property (§ 81), surfboards, boating, islands, fishing, posted property (§ 81), surfboards, boating, water skiing, and fishing.
It is clear that the ordinance in question does not legislate in an area of the law preempted by the state. Moreover specific authority by statute is given to the county to regulate and control the use that may be made of the area of the “space easement” as a county park. The Vehicle Code *Supp. 34 provides for local regulation of county parks as well as other specific grounds mentioned in the statute.[4]
II
Does the Ordinance in Question Deprive the Public of Access to the Tidelands?
Appellant contends that the ordinance in question deprives the public of access to the tidelands because of the unavailability of permitted modes of transportation. This argument is unsupported by the record and for that reason alone cannot be considered. (Cal. Rules of Court, rule 184(a); People v. Rincon-Pineda (1975) 14 Cal.3d 864, 882 [123 Cal.Rptr. 119, 538 P.2d 247]; People v. Jablon (1958) 165 Cal.App.2d 348, 350 [314 P.2d 824].) But even considering the argument, it is apparent that “access” and “modes of transportation” cannot be equated. The record shows that the following modes of transportation were available to the public: hiking, horseback riding, official tour buses, motor vehicles authorized by private road permits, and finally, boating. Indeed, no land crossing is even necessary to reach any of the Catalina tidelands.
Hence, there is no merit to appellant’s contention that the ordinance in question deprives the public of access to the tidelands.
III
Other Contentions Made by Appellant
Other contentions are made by the appellant which merit a brief comment only.
*Supp. 35 The first is that an invidious classification is made by the challenged ordinance which, appellant argues, arbitrarily proscribes the use of motorcycles within the space easement. This is violative of the equal protection and due processes clauses, asserts appellant. In answer to this contention we need look no further than the ordinance[5] itself to find a legitimate exercise of the police power in excluding the use of motorcycles.
Appellant also contends that there were no signs regulating traffic over the space easement within the requirements of Vehicle Code section 21103. This contention lacks merit. At the entrance to the space easement there were controlled gates and posted signs saying “Permit Required.” The requirements of Vehicle Code section 21103 were met by the signs described under Vehicle Code section 21113, subdivision (b) which requires “giving notice of any special conditions or regulations that are imposed under this section.”
Finally, the appellant argues that certain exhibits should have been received into evidence. Assuming, arguendo, that this was error, it is insufficient to support a reversal. (Evid. Code, § 354.)
The judgment is affirmed.
Cole, P. J., and Pacht, J., concurred.

 Hereinafter all references to “ordinance” and to “space easement” shall refer to the said ordinance, as amended, and to Santa Catalina Open Space Easement as defined in the ordinance, respectively.

 “In terms of the Robins criteria, supra, we have here (1) a problem of motorcycle use within an area covered by an easement between private owners and local legislators seeking to carry out the purposes of the easement agreement negotiated between them; (2) an area highly distinct in terms of roughness of terrain, need for conservation of ground water (periled by fire hazards to watershed), herds of wild animals, and difficulty in rendering aid (see urgency recitals in ordinance); (3) the absence of any comprehensive scheme of statewide regulation addressed to the vehicular problems peculiar to the easement area; (4) the absence of any significant burden imposed by the ordinance on statewide commercial activities and the conduct of “transient” individuals who would not normally bring motorcycles in visiting the island and (5) the reasonable expectation that a prospective visitor to such a legally unique and geographically-isolated area would be on inquiry as to existing ordinances in planning his activities therein (compare a park visitor who would inquire as to park regulations)." (People’s opening brief.)

 “The scheme of the Vehicle Code seems to be generally as follows: “(1) As to public streets (§ 360 ‘highways’) state laws generally regulate vehicular traffic, except that local authorities can, inter alia, prohibit the use of particular highways by particular vehicles (§ 21101, subd. (d)), a matter clearly of local concern. “(2) As to private roads, regulation thereof is generally not among ‘the matters covered by this code’ (§ 21) since affirmative action by local ordinance or resolution is necessary to make ‘the provisions of this code . . . apply’ in certain areas (see e.g. §§ 21107.5 [private roads open to public use], 21107.6 [private roads serving commercial establishments], 21107.7 [private roads not open for public use], 21107.8 [private parking facilities (selected provisions)]). In all these cases the owner has a means of vetoing state regulation either by posting a sign that the road is ‘not subject to public traffic regulations or control’ (see §§ 21107.5, subd. (b), 21107.6, subd. (b)), failing to request by petition ‘application of provisions of this code to such roads’ (§ 21107.7, subd. (a)) or failing to post notice ‘that such off-street parking facility is subject to public traffic regulations and control’ (§ 21107.8, subd. (b)). Local traffic regulations are permitted on private roads within the boundaries of private airports where appropriate signs are posted (Veh, Code, § 21108). Other than these exceptions for invoking state and local traffic regulations, the problem of regulation of traffic on private roads is generally left to the owner. The easement situation as apparently never contemplated. (Here, of course, we do not deal with a traffic-type regulation, but an environmental or land-use regulation.) “(3) As to county parks and other specified grounds regulation by the local legislative .or administrative body is contemplated. (See Veh. Code, § 21113, subd. (a).” (People’s opening brief.) For a related issue as to island cities, see Vehicle Code section 21100.5.

 “(a) No person shall drive any vehicle or animal, nor shall any person stop, park, or leave standing any vehicle or animal, whether attended or unattended, upon the driveways, paths, parking facilities, or the grounds of any public school, state university, state college, unit of the state park system, county park, municipal airport, rapid transit district, or any property under the direct control of the legislative body of a municipality, or any state, county, or hospital district institution or building, or any educational institution exempted in whole or in part from taxation, except with the permission of, and upon and subject to such conditions and regulations as may be imposed by, the legislative body of the municipality, or the governing board or officer of the public school, state university, state college, county park, municipal airport, rapid transit district, or state, county, or hospital district institution or building, or educational institution, or the Director of Parks and Recreation regarding units of the state park system.” (Veh. Code, § 21113, subd. (a).)

 “The operation of motor vehicles within the easement cannot be allowed in view of the increased danger of fire and destruction of watershed through the off-road use of such vehicles by the operators thereof. The protection of the watershed within the easement is of particular importance to the residents of the City of Avalon. Their water supply is totally dependent upon the conservation of ground water. The unrestricted use of motor vehicles within the area constitutes a danger and nuisance to other persons who are within the easement for recreational, scientific, educational, scenic and other open space purposes. “Furthermore, it is dangerous to ride a motorcycle within the easement due to the roughness of the terrain, the absence of any mandatory requirements that protective clothing and equipment be worn, and the presence of herds of wild animals that are located therein. This danger coupled with the limited rescue services available to the easement in the event of an emergency and the difficulty of rendering aid in a wilderness area result in exposing the participants (i.e. both rider and passenger) in unrestricted motorcycle riding to a risk of injury and possible death.” (Ordinance No. 11299, Co. of Los Angeles.)