Opinion
IBAÑEZ, P. J.
Defendant appeals from a judgment of conviction based upon jury verdicts. The defendant, a lawyer, was the owner of an apartment house. He was charged, and found guilty of, violating a number of provisions of the Los Angeles Municipal Code (LAMC) relating to public safety and fire prevention as applied to multiple residents’ apartments. Numerous assignments of error are made by the defendant. We discuss these, as we must, in the light most favorable in support of the judgment of conviction. (People v. Johnson (1980) 26 Cal.3d 557, 562 [162 Cal.Rptr. 431, 606 P.2d 738]; People v. Mulqueen (1970) 9 Cal.App.3d 532, 540 [88 Cal.Rptr. 235].)
I
Intent as an Element of the Offenses Charged
The jury was instructed that the defendant was charged with crimes that did not require proof of guilty knowledge nor of intent.[1] The defendant, on the othér hand, requested, and was denied an instruc *Supp. 12 tion proposed by him which provided, in pertinent part, "... there must be a joint operation of act or conduct and criminal intent.” (Pen. Code, § 20.) The court correctly instructed the jury that intent was not an element of any of the offenses with which the defendant was charged.[2] These offenses being, as they are, against the public health and safety and against the public welfare, do not require proof of intent nor of criminal negligence, but are governed by rules of “strict liability.” The rationale given for imposing strict liability to the proscribed acts include the following: Statutes of this nature are primarily concerned with the protection of the public and not with the punishment and correction of offenders. (People v. Travers (1975) 52 Cal.App.3d 111 [124 Cal.Rptr. 728]; Brodsky v. California State Board of Pharmacy (1959) 173 Cal.App.2d 680 [344 P.2d 68]; People v. McClennegen (1925) 195 Cal. 445 [234 P. 91]; People v. Stuart (1956) 47 Cal.2d 167 [302 P.2d 5, 55 A.L.R.2d 705].)
Strict liability in the criminal law, meaning criminal responsibility without fault or without criminal mens rea, has been applied to conviction for misbranding and mislabeling motor oil (People v. Travers, supra, 52 Cal.App.3d 111), to misbranding drugs (People v. Stuart, supra, 47 Cal.2d 167), and to maintaining unsanitary conditions in a nursing home (People v. Balmer (1961) 196 Cal.App.2d Supp. 874 [17 Cal.Rptr. 612]). See cases collected in 1 Witkin, California Crimes, Elements of Crime, section 62, pages 66-67.
Whether a legislative body intended the doctrine of strict liability to apply to a given statute is determined by the subject matter, the language, the evil sought to be prevented by the enactment of the statute. (Brodsky, supra, 173 Cal.App.2d 680.) From the subject matter, the language, the purpose of the laws which the jury found the defendant violated, the legislative intent in their enactment is clear. These laws were adopted to protect the lives and property of persons in crowded apartments. While these laws impose obligations upon apartment house owners such as the defendant “[he]... is in a position to prevent [the violations] with no more care than society might reasonably expect and *Supp. 13 no more exertion than it might reasonably exact from one who assumed his responsibilities.” (Morissette v. United States (1952) 342 U.S. 246, at p. 256 [96 L.Ed. 288, at p. 297, 72 S.Ct. 240].)
We conclude from the nature of the laws in question, the societal demand to compel their observance for the safety of the lives and property of persons occupying their dwellings, the legislative intent that the doctrine of strict liability should apply to those laws is made manifest and clear. (See In re Marley (1946) 29 Cal.2d 525, at p. 529 [175 P.2d 832], quoting from State v. Weisberg (1943) 74 Ohio App. 91 [55 N.E.2d 870, at p. 872].)
Defendant notes, and correctly so, that strict liability offenses usually result in light sentences and are the type of crimes that do no damage to reputation. (People v. Vogel (1956) 46 Cal.2d 798, 801, fn. 2 [299 P.2d 850].) These factors do not define strict liability offenses. Defendant was convicted of seven separate offenses. He was placed on probation and ordered to pay a fine. We do not consider the sentence to be excessive, nor has the defendant supported by the record his claim that his reputation has been damaged.
In sum, we conclude that the trial court did not err in instructing the jury that the doctrine of strict liability applied and that therefore neither intent nor criminal negligence was an essential element of the offenses charged.
II
Notice to the Defendant to Abate the Condition
We consider next defendant’s contention that he was denied due process because he was not first given notice to correct or abate the hazardous conditions.
Notice to abate or correct a dangerous or hazardous condition, as defined by statute (except as provided for in LAMC, § 57.20.16), was not required.
In offenses, as here, where the doctrine of strict liability applies, due process does not require that notice be an element of the offense. (People v. Balmer (1961) 196 Cal.App.2d Supp. 874, 876-877 [17 Cal.Rptr. 612].)
*Supp. 14 Defendant argues that fire department officials attempted to give him notice or discussed with him the subject of compliance with the statute; he also asserts that he was given an extension of the time to comply with the law. The record fails to disclose any evidence that extensions of time to comply with the law were given to the defendant; nor do we find any merit in the contention that the city was estopped from prosecuting.
Unlike the other offenses of which defendant was convicted, notice is a requirement for liability under LAMC, section 57.20.16, namely, a failure to correct a hazardous condition after notice. A review of the record discloses substantial evidence to support a finding that defendant did, in fact, receive notice. (See People v. Johnson, supra, 26 Cal.3d 557, 562.)
Ill
Jury Instructions
Defendant contends that the jury was incorrectly instructed as to the offense of failure to provide garbage bins with heat activated closing devices (LAMC, § 57.21.04A). The evidence shows that the trash dumpster was located only six inches from the apartment building and it did not have a heat activated self-closing device, but it did have a tightly fitted cover.
The jury instruction given on this subject was to the effect that there was a violation if the container did not have the heat activated self-closing lid and was closer than 10 feet from the building. The jury instruction did not tell the jurors, as the defendant asserts, that the cover must be tightly fitted. The violation of this section, supported by substantial evidence, was in the established fact that the lid of the dumpster was closer than 10 feet from the building and that it did not have a self-closing device.
In passing, and parenthetically, we find that there is sufficient evidence to support the implied finding that the defendant failed to secure a vacant building in violation of LAMC, section 57.20.12. The recoVd shows that there were two separate stores, that they were vacant, thkt they were not properly secured so as to deny access to vagrants and trespassers, thereby posing a fire hazard or threat. This was sufficient *Supp. 15 to support the conviction. (See People v. Johnson, supra, 26 Cal.3d 557, 562.)
IV
Contention That the Ordinance Is Void for Vagueness
Defendant asserts that the ordinance in question is void for vagueness. We disagree. Its language is clear. A person of common understanding would have no difficulty in understanding it, and more specifically, in understanding the specific conduct and activity proscribed (Connally v. General Const. Co. (1926) 269 U.S. 385, 391 [70 L.Ed. 322, 328, 46 S.Ct. 126]). As the conduct of the defendant fell within the proscribed conduct and activity described in the ordinance, he cannot complain that the law was vague. (Bowland v. Municipal Court (1976) 18 Cal.3d 479, 492 [134 Cal.Rptr. 630, 556 P.2d 1081].)
V
Other Contentions Made by Defendant
Defendant complains that the trial court erred in permitting an expert to testify for the People, where the People failed to comply with a discovery order to disclose the names of potential expert witnesses. While this may have been error (see Thoren v. Johnston & Washer (1972) 29 Cal.App.3d 270, 273-274 [105 Cal.Rptr. 276]), a review of the record does not disclose any prejudice to the defendant caused thereby. Applying the test of People v. Watson (1956) 46 Cal.2d 818, 836 [299 P.2d 243], we hold that it was not reasonably probable that a result more favorable to the defendant would have been reached but for the error.
The People allege in their brief that the court clarified the discovery order before trial. The record does not disclose this; hence we cannot consider it. (People v. Merriam (1967) 66 Cal.2d 390, 397 [58 Cal.Rptr. 1, 426 P.2d 161]; People v. Jablon (1958) 165 Cal.App.2d 348, 350 [331 P.2d 772].)
The defendant states that the probation conditions and sentence were excessive, hence violative of article I, section 17, California Constitution (cruel or unusual punishment), Eighth Amendment, United States Constitution (cruel and unusual punishment). Defendant was *Supp. 16 convicted of seven misdemeanors. He was sentenced to 180 days in jail for each offense, but execution of the sentences was suspended, and he was placed on summary probation for a period of 36 months. Probation conditions included a $500 fine and a requirement that he obey all laws and to cooperate with any building' and safety or fire department or health inspector investigations. There is nothing about these probation conditions which shocks the conscience or offends any fundamental notion of human dignity. (In re Lynch (1972) 8 Cal.3d 410, 424 [105 Cal.Rptr. 217, 503 P.2d 921].) The probation fine of $500 was not excessive. (2 Witkin, Cal. Crimes, § 935.)
We have considered the remaining contentions of defendant and find them to be without merit.
The judgment of conviction as to each count is affirmed.
Bigelow, J., concurred.

The jury was instructed as follows: “The violations alleged in the complaint fall within that category of crimes wher.ein neither guilty knowledge nor intent of the defendant needs be shown. The mere omission to fulfill the required standard, if such be the case, constitutes the crime charged in each count.
“Criminal liability without fault has been applied to criminal statutes enacted for the public morals, health, peace and safety. Such statutes deal with offenses of a regulatory nature and are enforceable irrespective of criminal intent or criminal negligence.”

Defendant was convicted of failure to provide exit signs (LAMC, § 57.10.23A); failure to secure a vacant building (LAMC, § 57.20.12); failure to provide garbage bin with heat activated closing devices (LAMC, § 57.21.04A); maintaining an antenna less than seven feet high on an accessible roof (LAMC, § 57.10.06); failure to properly maintain a fire door (LAMC, § 57.01.35D); failure to correct hazardous conditions after notice (LAMC, § 57.20.16); failure to have a wet standpipe system tested within a five-year period (LAMC, § 57.03.09).