51 F.3d 281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LPI DOWNTOWN INVESTORS 1; Michael H. Lapidus, Plaintiffs-Appellants,
v.
MUNICIPAL COURT OF the COUNTY OF LOS ANGELES; James K.
Hahn, Defendants-Appellees.
 No. 93-56568.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1995.*
Decided April 4, 1995.
 
 IN PART, REVERSED IN PART.
 Before: BROWNING, D.W. NELSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Lapidus and LPI Downtown Investors 1, a California limited partnership, appeal the district court's dismissal of their Section 1983 action against the City of Los Angeles, its City Attorney and one of his Deputies, the Municipal Court of the County of Los Angeles, as well as various county and city building inspectors (the "Housing Task Force"). Plaintiffs claim they were retaliated against when defendants prepared biased inspection reports and improperly prosecuted them for building code violations. The complaint alleges causes of action for the denial of procedural and substantive due process, retaliation and negligent supervision.[1] The district court dismissed plaintiffs' complaint, with prejudice, pursuant to Rule 12(b)(6), Fed.R.Crim.P. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm in part and reverse in part.
 
 STANDARD OF REVIEW
 
 3
 We review the district court's dismissal de novo. Oscar v. Univ. Students Co-op. Ass'n, 965 F.2d 783, 785 (9th Cir.), cert. denied, 113 S.Ct. 655 (1992). In doing so, we take all allegations of material fact as true and construe them in the light most favorable to plaintiffs, mindful that a complaint should not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts which would justify relief. Id.; Carpenters Health and Welfare Trust Fund for California v. Tri Capital Corp., 25 F.3d 849, 852 (9th Cir.), cert. denied, 115 S.Ct. 580 (1994).
 
 DISCUSSION
 I. Due Process Claims
 A. Protected Interest
 
 4
 Plaintiffs claim that the district court erred in dismissing their due process claims. To present a valid claim for procedural or substantive due process, plaintiffs must allege the deprivation of a liberty or property interest protected by the Constitution. Wedges/Ledges of California, Inc. v. City of Phoenix, 24 F.3d 56, 62 (9th Cir.1994). While plaintiffs do not allege their property was condemned or that they were otherwise deprived use of the property, they do claim damage to their business goodwill as a result of defendants' acts. This court recognizes business goodwill as a protected property interest under California law for due process purposes. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir.1989).
 
 B. Procedural Due Process
 
 5
 Because business goodwill is a protected property interest, we must determine whether, on the facts alleged, plaintiffs were entitled to more procedural due process than they received. See Sinaloa Lake Owners Ass'n v. City of Simi Valley, 882 F.2d 1398, 1405 (9th Cir.1989), cert. denied, 494 U.S. 1016 (1990) (due process requires notice and an opportunity to be heard "at a meaningful time and in a meaningful manner"). Plaintiffs contend that they should have been given an opportunity to make repairs or administratively appeal the substandard notices before they were criminally prosecuted. We disagree.
 
 
 6
 California law permits alternative processes to enforce laws that regulate substandard housing--an administrative enforcement procedure or a criminal enforcement procedure. See, e.g., California Health & Safety Code Secs. 17910 et seq. Plaintiffs have cited no authority, and we have found none, which suggests that when a state or city proceeds by criminal enforcement, the owner is entitled to the procedures set forth for administrative enforcement. Cf. People v. Bachrach, 114 Cal.App.3d Supp. 8, 170 Cal.Rptr. 773 (Cal.Super.1980) (defendant not entitled to notice and an opportunity to abate before being criminally prosecuted).
 
 
 7
 Here, plaintiffs concede that they were afforded all the required due process in connection with their criminal prosecution. Indeed, plaintiffs had an opportunity to litigate all of the issues concerning the building code charges in state court. This was sufficient to protect plaintiffs' property interest. Accordingly, we affirm the district court's dismissal of plaintiffs' procedural due process claim.
 
 C. Substantive Due Process
 
 8
 Plaintiffs also claimed that defendants violated their right to substantive due process. Substantive due process refers to certain actions that the government may not engage in, no matter how much process is afforded. Blaylock v. Schwinden, 862 F.2d 1352, 1354 (9th Cir.1988). To establish a violation, plaintiffs must prove that the government's action was "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." Sinaloa, 882 F.2d at 1407 (quoting Village of Euclid v. Amber Realty Co., 272 U.S. 365, 395 (1926)).
 
 
 9
 Plaintiffs allege that defendants intentionally subjected them to wrongful, false and biased building inspections which were then used as the basis for a retaliatory criminal prosecution. The clear import of these allegations is that defendants had no legitimate basis for the building inspections and resulting substandard notices. We find these allegations sufficient to state a claim for a violation of substantive due process.
 
 
 10
 We further conclude that plaintiffs have stated a substantive due process claim against the City of Los Angeles. Municipal liability may be imposed for an action or decision by a city policymaker who possesses "final authority" to establish municipal policy with respect to the action ordered. Pembaur v. City of Cincinnati, 475 U.S. 469, 481-84 (1986). Plaintiffs' complaint may be fairly read to allege that defendant Deputy Attorney Richard Bobb ("Bobb") had final authority to establish the policy of housing code enforcement about which plaintiffs complain. Whether Bobb actually had final policymaking authority will ultimately be determined by state law. See Gobel v. Maricopa County, 867 F.2d 1201, 1207 (9th Cir.1989). Nevertheless, we conclude that the allegations of substantive due process violations in plaintiffs' complaint are sufficient to withstand dismissal under Rule 12(b)(6).
 
 II. Retaliation
 
 11
 Plaintiffs also claimed that defendants prosecuted them in retaliation for the exercise of their constitutional right to seek to redress grievances in court. Specifically, the complaint states:
 
 
 12
 Bobb is attempting to retaliate against Lapidus because Lapidus sought federal intervention against City Attorney and Bobb in December, 1991, concerning breach of a non-prosecution agreement related to a different matter.
 
 
 13
 We have long recognized a first amendment right to resort to the courts without retaliation. See, e.g., Soranno's, 874 F.2d at 1314 ("The right of access to the courts is subsumed under the first amendment right to petition the government for redress of grievances." (citing cases)). And, "[d]eliberate retaliation by state actors against an individual's exercise of this right is actionable under section 1983." Id. To withstand a Rule 12 motion, a complaint need only allege that "[the defendant's] conduct was motivated by an intent to retaliate for his exercise of constitutionally protected rights." Thomas v. Carpenter, 881 F.2d 828, 829 (9th Cir.1989), cert. denied, 494 U.S. 1028 (1990). Plaintiffs' allegations, which we must take as true, satisfy this requirement as to defendant Bobb.[2] Therefore, the district court erred in dismissing this claim as it pertains to Bobb only.
 
 III. Negligent Supervision
 
 14
 Finally, plaintiffs plead a claim against the City Attorney and Bobb for "negligent supervision of employees." A governmental officer may be held liable in damages for constitutional wrongs engendered by his failure to supervise or train subordinates adequately. Bergquist v. County of Cochise, 806 F.2d 1364, 1369-70 (9th Cir.1986). There must, however, be a causal link between the deprivation and "the adoption of [a] plan or policy by [the supervisors]--express or otherwise--showing their authorization or approval of such misconduct." Rizzo v. Goode, 423 U.S. 362, 371 (1976).
 
 
 15
 Plaintiffs' negligent supervision claim against the City Attorney is for failing to supervise Bobb when Bobb allegedly ordered the biased and false inspections of their property. However, the complaint does not contain allegations of a sufficient causal link; it does not allege that the City Attorney authorized or approved in any way the alleged misconduct by Bobb. Therefore, the district court properly dismissed this claim as it pertains to the City Attorney.
 
 
 16
 Nor have plaintiffs stated a claim against Bobb for negligent supervision. Plaintiffs' claim against Bobb is based upon the allegation that he ordered and directed the biased and false inspections in order to retaliate against them. This is not a claim based upon a negligent omission, such as the failure to train or supervise. See, e.g., Bergquist, 806 F.2d at 1370 (alleged policy of failing to train police officers in the need to verify informant data before seeking warrant and in proper methods of executing warrant). We therefore conclude that the district court properly dismissed plaintiffs' negligent supervision claim against Bobb.
 
 CONCLUSION
 
 17
 For the above reasons, the district court's 12(b)(6) dismissal of plaintiffs' complaint is AFFIRMED in part, REVERSED in part, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because plaintiffs concede that the state criminal proceeding has ended, their claim for injunctive relief is moot
 
 
 [2]
 We, of course, offer no opinion as to the factual validity of these claims by these frequent visitors to the litigation process. Time and discovery will show if their claims can withstand scrutiny