139 F.3d 906
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LPI DOWNTOWN INVESTORS 1, a California limited partnership;
Michael H. Lapidus, Plaintiffs-Appellants,
v.
James K. HAHN, individually and as City Attorney for the
City of Los Angeles; Richard M. Bobb, individually and as
Deputy City Attorney for the City of Los Angeles; Howard D.
Stern, individually and as Electrical Inspector for the City
of Los Angeles; David Fonseca, individually and as Building
Inspector for the City of Los Angeles; Roland Wijangco,
individually and as Building Inspector for the City of Los
Angeles; Herbert H. Zimmerman, individually and as Plumbing
Inspector for the City of Los Angeles; Carl J. Manzel,
individually and as Electrical Inspector for the City of Los
Angeles; Stan Uyehara, individually and as Health Inspector
for the County of Los Angeles; Kenneth L. Marks,
individually and as Health Inspector for the County of Los
Angeles; City of Los Angeles, Defendants-Appellees.
 No. 97-55018.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1998.*
Feb. 13, 1998.
 
 Appeal from the United States District Court for the Central District of California, No. CV-93-01144-JSL, J. Spencer Letts, District Judge, Presiding.
 Before: WALLACE, TROTT, and HAWKINS, Circuit Judges.
 
 MEMORANDUM
 
 1
 LPI Downtown Investors 1(LPI) appeals from the district court's summary judgment on its due process, equal protection, Fourth Amendment, and First Amendment claims, stemming from the investigation by the City of Los Angeles' (City) Housing Task Force (task force) of LPI-owned property. The district court had jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983. We have jurisdiction over this timely filed appeal under 28 U.S.C. § 1291, and we affirm.
 
 
 2
 In its amended complaint, LPI raises a substantive due process claim, alleging that the actions were arbitrary and oppressive and deprived it of its property. However, nowhere in its brief does LPI address substantive due process. Therefore, we deem this issue waived. See Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir.1994).
 
 
 3
 LPI raises a procedural due process claim for the first time on appeal. Because this claim was not presented to the district court in the First Amended Complaint, it is waived as well. See United States v. Flores-Pavon, 942 F.2d 556, 558 (9th Cir.1991). Moreover, our earlier memorandum disposition affirmed the district court's dismissal of this claim. LPI Downtown Investors 1 v. Municipal Court, 51 F.3d 281, 1995 WL 146820, at * 2 (9th Cir.1995) (LPI Downtown ). Under the law of the case, we will not revisit this issue. See Dean v. Trans World Airlines, 924 F.2d 805, 810 (9th Cir.1991) (Dean ).
 
 
 4
 Next, the district court properly entered summary judgment on LPI's equal protection claim. LPI argues that it should be allowed to proceed to trial under the "malignant animosity" theory espoused in Esmail v. Macrane, 53 F.3d 176, 179 (7th Cir.1995). We need not decide whether we should adopt this theory because there is no factual basis presented to make its application relevant.
 
 
 5
 In Esmail, the plaintiff was denied a liquor license ostensibly based on minor infractions while others were granted licenses despite more severe infractions. Id. at 178. Similarly, in Ciechon v. City of Chicago, 686 F.2d 511, 522 (7th Cir.1982), there was evidence that two paramedics were equally responsible for a patient; yet, the city investigated and fired one paramedic, and took no action against the other. LPI, on the other hand, has failed to produce any evidence to show that similarly situated buildings were not inspected by the task force.
 
 
 6
 Additionally, LPI unpersuasively argues that the task force inspections are arbitrary and irrational. The City has a legitimate interest in using a specialized task force to enforce housing regulations against recalcitrant property owners.
 
 
 7
 LPI's First Amendment claim is based on a theory of retaliation. Our previous memorandum disposition reversed the district court's dismissal on this claim only as to deputy city attorney Bobb. LPI Downtown, 1995 WL 146820, at * 2. LPI's First Amended Complaint names all defendants in this claim, but under the law of the case, this claim cannot be brought against any parties other than Bobb. See Dean, 924 F.2d at 810.
 
 
 8
 LPI must show that Bobb directed the task force to investigate it in retaliation for its seeking redress for grievances in court. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989). However, LPI offered no evidence that Bobb was responsible for referring the property for investigation by the task force. While Bobb's denial of having done so would not be sufficient to sustain summary judgment in the face of conflicting evidence, LPI presented no contrary evidence. Therefore, we affirm the district court's summary judgment on the retaliation claim against Bobb. See Fed.R.Civ.P. 56(e); Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983) (holding that a plaintiff cannot avoid summary judgment on the hopes of challenging the credibility of opposing witnesses through cross-examination).
 
 
 9
 LPI's final claim is that the task force inspectors violated its Fourth Amendment privacy rights when they entered the apartment building without a warrant. Hahn asserts that LPI lacks standing to challenge the search. LPI, as the property owner, has sufficient standing to raise this claim. See Camara v. Municipal Court, 387 U.S. 523, 534 (1967).
 
 
 10
 Whether LPI has a reasonable expectation of privacy inside the building, however, is an altogether different question. The common hallways are public places for Fourth Amendment purposes. United States v. Nohara, 3 F.3d 1239, 1241 (9th Cir.1993) (Nohara ). LPI argues unpersuasively that Nohara focused on a tenant's, as opposed to a landlord's, expectation of privacy. United States v. Santana, 427 U.S. 38, 42 (1976), made no such distinction, and neither will we. Nor can LPI effectively assert "an expectation of privacy that the [building] not be subject to unannounced, warrantless inspections," as an expectation of privacy "necessarily implies an expectation that one will be free of any intrusion, not merely unwarranted intrusions." Nohara, 3 F.3d at 1242 (emphasis in original), quoting United States v. Eisler, 567 F.2d 814, 816 (8th Cir.1977).
 
 
 11
 With respect to the individual apartment units, LPI similarly has no expectation of privacy. Tenants have a privacy expectation that is sufficient to exclude landlords from entering without invitation. See, e.g., Chapman v. United States, 365 U.S. 610, 616-17 (1961). Thus, LPI suffered no constitutional deprivation when tenants allowed the task force inspectors to enter the apartment units. Therefore, the district court properly entered summary judgment on this claim as well.
 
 
 12
 AFFIRMED.
 
 
 13
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4